# CREW *v.* ST. LOUIS, K. & N. W. RY. Co.[1]

*(Circuit Court, E. D. Missouri.* April 26, 1884.)

1. EVIDENCE—BURDEN OF PROOF.

In an action for damages for an injury caused by the defendant's negligence, the burden of proving the negligence alleged is on the plaintiff; the burden of proving contributory negligence is on the defendant.

2. SAME—PRESUMPTION OF FACT.

Other things being equal, positive testimony is more to be relied upon than negative.

3. NEGLIGENCE—SELECTION OF EMPLOYES.

It is the duty of railroad companies, in employing servants, to use care and diligence, to select only those persons who are fit and proper for the positions they are intended to fill. The degree of care required is measured by the nature of the duties to be performed by the servants. The more important the duties the greater the care.

4. SAME—NEGLIGENCE OF CO-EMPLOYE.

Where an employe of a railroad company is injured through the negl'gence of a co-employe the company is not liable unless the employe at fault was incompetent, and was known, or might, by the use of diligence, have been known, to be so when employed, or was retained in his position by the company after it knew, or should have known, of his incompetency.

5. SAME.

But where the negligence of the co-employe, in combination with the company's negligence, causes the injury, the company is liable.

6. SAME—INTEMPERATE CONDUCTOR.

It is an act of negligence on the part of a railroad company to employ or keep in its employment a freight conductor known to be intemperate, or who is intemperate, and whose intemperance it might have discovered by the use of proper diligence.

7. SAME—NEGLIGENCE OF CO-EMPLOYE.

Where an employe of a railroad company is injured without negligence on his part, by an accident contributed to by the negligence of a co-employe, whom it was negligent on the part of their employer to employ, the company is liable.

8. SAME—WHO ARE NOT CO-EMPLOYES.

Train dispatchers and train masters are not co-employes of locomotive firemen, within the meaning of the rule as to negligence of co-employes

9. SAME—RULES AND REGULATIONS.

It is negligence on the part of railroad companies to fail to adopt such rules and regulations as are proper and necessary for the protection of the safety of its employes.

10. SAME.

It is equally negligent to adopt rules tending to impair the safety of employes.

11. SAME—USAGES AND CUSTOMS—DUTY OF EMPLOYES.

It is the duty of the employes of railroad companies to comply with all reasonable rules and regulations of the company, and all reasonable usages and customs of the road, which are brought to their knowledge.

12. SAME—EXEMPTION FROM RESPONSIBILITY FOR NEGLIGENCE.

A railroad company cannot exempt itself from responsibility for negligence by its rules and regulations.

13. SAME—CONTRIBUTORY NEGLIGENCE.

Where the plaintiff's own negligence has directly tended to cause the injury complained of he cannot recover.

14. SAME.

Employes of railroad companies are bound to use that degree of care to escape injuries which the nature of their employment calls for.

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

15. Same—Injuries Sustained in the Performance of Duties Outside of the Scope of Employment.

Where a man voluntarily assumes duties that do not belong to him, and is injured in consequence of his own ignorance, negligence, or lack of skill, combined with the negligence of defendant, he cannot recover; but if a subordinate is commanded by his superior to do anything outside of his employment and which he is not competent to perform, and his lack of skill or ignorance, combined with the negligence of his employer, causes him to suffer an injury, the question of whether or not he has been guilty of negligence is a question of fact for the jury.

16. Measure of Damages.

In computing damages for a physical injury, impairment of capacity to earn money, loss of time, and the pain and anguish suffered, should be taken into consideration.

Motion for a New Trial.

This was an action brought by a locomotive fireman to recover damages for a physical injury alleged to have been caused by the negligence of a freight conductor in the defendant's employment.

McCrary, J., (charging jury orally.) You are, I suppose, aware that the controlling question in this case is the question of negligence. The plaintiff's allegation is, that he was injured by the negligence of the defendant, the St. Louis, Keokuk & Northwestern Railway Company. That he was injured while in the service of that company is not disputed; and the case must turn, under the facts given to you in evidence and the law as the court will state it, upon your decision of the question whether the railway company was guilty of negligence causing or contributing to the plaintiff's injury; and if that is found in the affirmative, then the other question, whether the plaintiff himself was guilty of contributory negligence; that is, negligence on his part which contributed to his injury. These questions you are to determine upon the proof that is before you, in the light of the law, as I shall state it.

The particular negligence which the plaintiff alleges or charges against the railway company is—First, in employing one Shields to act in the capacity of a conductor upon one of its freight trains, the said Shields being an unfit and improper person to perform the duties of that office, by reason, as is alleged, of being addicted to habits of intemperance. That is the allegation of the plaintiff. It is for you to say from the proof whether that allegation is sustained. In considering it you will bear in mind the well-known rule of evidence, that positive testimony is always more to be relied upon than negative testimony. If certain witnesses testify to having seen particular things, and others testify that they did not see them, the testimony of those who affirm is more to be relied upon than the testimony of those who deny. And so in regard to a fact of this character. The positive testimony of witnesses that a man was intoxicated at a particular time is better than the testimony of those who say that he was not intoxicated.

The law upon this subject is that it is the duty of a railroad company in employing its servants to use ordinary care and diligence to

select only those who are fit and proper persons to be engaged in that duty. I use the term "ordinary care and diligence," but in this connection these words have a different meaning from what they would have in some other connections. The care and diligence which is required is measured by the nature of the duties to be performed by the servant who is employed. If he is employed to perform very difficult and dangerous duties, and if by the neglect of these duties human life may be imperiled, then, of course, the care which the railroad company must exercise in this selection is much greater than it would be if he were employed to perform other and less important duties. It has been said by the supreme court of the United States that it is not improper, in connection with this subject, to say that a railroad company must exercise proper care and caution, because the care and caution to be exercised in this selection of agents to discharge duties so important as these is great, and more than would be required with respect to other matters; and I may say that the very same rule applies also to the other branch of the subject. The diligence which was required of the plaintiff himself in the performance of his duties as an employe was such as the circumstances and surroundings required him to exercise. If he was performing a very dangerous duty, he was called upon to exercise corresponding care and diligence, and so with regard to the employment of this man Shields as a conductor. If you find from the evidence that he was a person of intemperate habits, the court charges you as a matter of law that he was an unfit person to be employed in such service, and if the railroad company knew the fact, or if by proper diligence it could have ascertained the fact, it was negligence on its part to employ him. Furthermore, if, after his employment the railroad company was advised, through its managing agents, of course, of the fact that he was an intemperate and improper person and failed to discharge him, or if by the exercise of proper caution and care it could have ascertained the fact of his being an improper person and did not do so, then his employment or detention, as the case may be, was negligence on the part of the railway company. It does not, however, necessarily follow from the fact that the defendant employed an incompetent and unfit person as conductor that the plaintiff's injury resulted therefrom. It is the duty of the plaintiff to show, by a preponderance of testimony, that the accident which resulted in his injury was caused in whole or in part by the negligence of this incompetent and unfit conductor, if you find that he was such.

It is also charged as a matter of negligence against the railway company that this conductor was guilty of certain acts of negligence, and it is necessary that I should say to you here that if you find that the conductor was an unfit and improper person to be employed in this capacity, and the company had notice, within the rule that I have laid down to you, then his negligence becomes the negligence of the company, and for which the company is responsible. In view

of that rule, the plaintiff has charged that this conductor, being thus unfit and incompetent, was guilty of certain acts of negligence which contributed to the injury complained of. Those acts of negligence are as follows: It is stated in the petition that the conductor negligently delayed his train at the station mentioned; that while the train was delayed at the station he negligently failed to give any warning to an approaching train; that he failed to carry three red lights on the rear of his car for the purpose of giving notice to an approaching train; and that the defendant was guilty of negligence, independently of any act of this conductor, by failing to adopt such rules as were necessary and proper for the protection of the safety of their employes in this particular case,—a rule by which this approaching train would be warned of the fact that the train with which it collided was at the station. It is for you to consider, upon all the proofs in the case, whether any of these allegations of negligence against the railway company have been sustained.

A good deal of discussion has been had before you about the rules of the railway company, and I have been requested by counsel to give my views with respect to the construction, force, and effect of a number of them. I do not propose, however, to go over all of them, but shall only refer specifically to one. I say generally that the railway company has a right, and it is its duty, to make rules for the protection of the safety of its employes, and such rules its employes are bound to regard and obey. But under the form of making rules, of course, a railroad company cannot exempt itself from negligence. Its rules must be such as tend to the protection of the lives of its employes. With this general statement in regard to the rules, you may take and consider them. They are before you in evidence. I will say to you, however, that the terms which are employed in these rules may be explained and understood, in the light of the testimony, as to what is understood by the words employed in railroad parlance among railroad men. Rule 4, under the head of "signals," is important to be considered in this connection, and I will read it:

"Two red signal-lights must be carried on the rear of each passenger-train, three red lights on the rear of each freight or other train, and one on the rear of the tender of the engine, if the engine is alone, when running at night."

By the terms of this rule three red lights are required to be kept on the rear of a freight train, and one of the allegations of the plaintiff's petition is that by reason of a failure to comply with this rule the collision occurred. You will determine from the evidence how many red lights were upon that car and where they were placed, and when you have so determined you will decide, upon the evidence, whether this rule was complied with, and if it was not complied with, then whether the absence of one or two of the red lights, as the case may be, was the cause of the collision. If you believe from the evidence that the fact that there was but one light there in sight from the rear as this train approaches, and that that light was dim, so

that the engineer in charge of the approaching train was led to believe that it was a light at the bridge, and not a light upon a freight train, and that if the three lights had been there in their proper places the collision would have been avoided; and if you also believe from the evidence that the plaintiff was not guilty of any contributory negligence,—then the plaintiff is entitled to recover; but if the absence of this light did not contribute to this accident, if it would have occurred if all the lights had been there, or if the plaintiff, by his negligence, contributed to the injury,—then he cannot recover.

It is, perhaps, necessary that I should explain to you a little more fully what is meant by the negligence of the railroad company. I say, in general terms, that the plaintiff must show that the railroad company was guilty of negligence which caused the injury; but I do not mean by that that the negligence of the railroad company must have been the sole and only cause of this injury. It may be that you will find upon the testimony that the railroad company and the co-employes of the plaintiff were guilty of negligence, and that the negligence of the two contributed or combined to cause the injury. If that be so, and the plaintiff himself was free from negligence, he is entitled to recover. It is enough, in that case, to show that the negligence of the railroad company contributed to, that is, had a share in causing, the injury. But if, after having shown that the railroad company was guilty of negligence within the meaning of the rule, as I have stated it, it is still necessary for the plaintiff to show, or, at least, it must appear from the evidence, that the plaintiff was not guilty of contributory negligence. The burden, however, of showing contributory negligence on the part of the plaintiff is upon the defendant, while the burden of showing the negligence of the defendant is upon the plaintiff.

A good deal has been said about the custom and usage which existed at the time of the accident upon this railroad. The employes of a railroad company are bound to take notice of all reasonable rules which the company may establish for their protection. They are also bound to take notice of the customs and usages of the company, if they have been in the service of the company long enough to ascertain what they are. What I have said about rules I must repeat in regard to customs. Those customs must be reasonable, they must be proper, they must be such as tend to the safety of the employes. In other words, the railroad company cannot, either by rule or custom, exempt itself from liability for what in law is negligence. So that it comes back, after all, to the question of negligence; and it might be that there would be negligence by the mere fact of making a rule if it was one which in its nature did not tend to protect, but rather tended to endanger, the lives of the employes. I do not say that any of the rules of this company are of this character, but I speak in regard to rules and customs generally, and say that they must be reasonable and proper, and being such, the employes must take notice of them,

and they are bound by them. The negligence of the persons who are employed by the railroad company to direct the movements of trains, by telegraph or otherwise,—as, for example, the train dispatcher, train-master, or whoever the persons are,—is not chargeable to a person occupying, as this plaintiff did, the position of a mere fireman. The negligence of such persons is the negligence of the company, if there be such negligence shown by the testimony in this case. And so it is a proper question for you to consider whether the rules of this company were such as reasonable care and prudence on the part of the company required them to make for the safety of the persons operating the trains. There is a rule here which requires the sending out of signals where a train is detained upon a track, but it is said that that applies only to trains detained elsewhere than at the stations, and the testimony seems to show that such is the understanding of the rule. If you find that is the meaning of the rule, as it is understood by the employes of the company, and that it is a reasonable and proper rule, then you must also find that the plaintiff was bound to take notice of it, and to act in view of it.

There is one view of the case in which you may be called upon to consider the question whether this accident was caused by the contributory negligence of a co-employe of the plaintiff. If you find that the company was guilty of negligence, and that the plaintiff was not guilty of negligence, then you will inquire whether the accident occurred by reason of the negligence of the plaintiff's co-employe. I think I must correct that statement, because it is not exactly as I intended to make it. If the railroad company is shown to have been negligent itself in employing an improper person to act as conductor, and the plaintiff was not guilty of contributory negligence, then the question of the negligence of the plaintiff's co-employes is entirely immaterial, and you need not consider it at all; because, as I have said, the negligence of the railroad company, combined with the negligence of a co-employe, makes the railroad company liable; but if the railroad company was not guilty of negligence in the employment of this man as a conductor, or if the negligence of the company did not contribute to the injury, then it might be claimed, perhaps, that the injury resulted from the negligence either of the plaintiff himself or of his co-employes. If it resulted from either, he cannot recover. That is what I desire to state. Unless the company was guilty of negligence, the plaintiff cannot recover, whether his own negligence or that of his co-employes was the occasion of the injury. So that the case must turn upon the question whether the company, in the employment of this conductor, or in the failure to make the rules that might have been made,—if you find it to be so,—for the protection of trains running on the same track, or any of those matters alleged in the petition, was guilty of negligence.

When you come to the question of the alleged contributory negligence of the plaintiff, you will have then to consider the question that

I was about to mention a moment ago. It is said that the plaintiff was negligent from the fact that this train was running at a dangerous rate of speed, and that proper care was not taken to stop it before it came to the station. If he was, and by that negligence he contributed to his injury, he cannot recover; but if he was acting outside of his duties as fireman, then the question arises whether he was guilty of negligence. He was called upon, it appears from the evidence, temporarily to occupy the place of the engineer. Now, the law upon this subject is that if a man voluntarily assumes duties that do not belong to him while in the service of the railroad company, if he takes the risk of the performance of those duties, or of his incompetency to perform them, he is guilty of negligence, and if that negligence contributes to the injury, he cannot recover. But if one man is placed by the company under the orders of another, and in obedience to those orders he undertakes a duty which is not within the line of his employment, it is for the jury then to determine whether in obeying such orders he is guilty of negligence. And so here. If you find that Mr. Crew, the plaintiff, voluntarily undertook to act in the capacity of engineer for the time being, and while so acting was guilty of negligence, and that negligence contributes to his injury, then he cannot recover; but if you find that he was directed by his superior officer, the engineer, to take his place for the time being, and that what he did while so acting was in pursuance of the order of his superior, then you are at liberty to consider, upon the facts as they are developed, whether his action was negligence on his part or not. If the train was running at a high and dangerous rate of speed, and proper efforts were not made to check it before reaching the station, in accordance with the rules of the company, and in accordance with the duties which devolved upon the men in charge of it, then, of course, somebody was guilty of negligence in that respect; and if you find that that is so, then your only inquiry in regard to that will be whether it was the negligence of the plaintiff, or the negligence of his co-employe; in other words, whether he was voluntarily acting in the capacity of engineer, and therefore for the time being responsible for the movement of the train, or whether he was for the time being acting under the orders of his superior, and in so doing whether he was guilty of negligence or not.

*Mr. Trimble.* Will your honor allow me to make a suggestion. If the co-employe was guilty of negligence, and the company was not guilty of negligence, then the plaintiff cannot recover.

*Judge McCrary.* I am speaking now, of course,—and it is necessary for you to bear that in mind, gentlemen,—upon the hypothesis that the conductor was an unfit and improper person for his post, and that his negligence contributed to the injury of the plaintiff. That being established, then you come to the question of his contributory negli-

gence, and in considering that you may consider whether he was acting voluntarily in the position he was in, or whether he was acting under orders of a superior. That is all I need to say, gentlemen, upon the main question in the case,—the question of negligence. If you find for the plaintiff, you will allow such damages as he has sustained, not exceeding the sum of $10,000. In passing upon the question of damages, you may consider the loss of time to the plaintiff, if you find any, his impaired capacity to earn money, his physical pain and suffering, and the anguish to which he may have been subjected. It is for the jury, upon all the facts and circumstances, to allow the plaintiff such a reasonable sum as they may think him entitled to.

I may add, in regard to the custom which may have existed on this railroad with respect to its employes, that if the custom was a reasonable one, and the plaintiff knew of it, of course he was bound to obey it. I think I said that to you before, but the counsel for the defendant (Mr. Trimble) thinks that perhaps I did not.

*Mr. Trimble.* I ask your honor to instruct the jury that if the plaintiff knew of the custom, whether it was reasonable or not, he was bound to follow it.

*Judge McCrary.* I decline to give that instruction.

The jury returned a verdict for the plaintiff in the sum of $5,000.

The following opinion was rendered upon a motion by the defendant for a new trial.

*George F. Hatch* and *Hagerman, McCrary & Hagerman,* for plaintiff.
*James Can* and *H. H. Trimble,* for defendant.

BREWER, J., (*orally.*) The motion for a new trial in this case was argued before us the other day. In the examination and decision of this matter we are, naturally, under considerable embarrassment from the fact that the case was tried before another judge. While this is nominally a motion for a new trial, pending in the same court in which the trial took place, still, being unfamiliar with the testimony and having seen none of the witnesses, it really comes before us in the same way that it would come before an appellate court. The question in all such cases is not whether some technical error may not have crept into the instructions, but whether, taking the case as a whole, and looking at the instructions as a whole, it is apparent that the law was presented fairly and correctly to the jury. We are not in a position to review the testimony and say that it did prove this or that fact in the case.

A single objection was presented in the argument on the admission of testimony, but I do not think that that is of any significance. The common law prevails in this state, and in order to charge the railroad company for an injury to one employe by another it must

appear, not merely that the co-employe was guilty of negligence, but that the company was responsible for that negligence by reason of having employed, knowingly, or continued knowingly in its employ, an incompetent servant. The judge who tried the case presented the law to the jury very clearly in regard to that; that is, that before the company could be charged with this injury it must have retained in its employment an incompetent servant, knowing him to be incompetent. It was not seriously contended in the argument that the testimony was not ample to show that the conductor of the way-freight train was not a habitual drunkard, and known to be such by the company. There were two or three charges of negligence against him,—one of which was in failing to send out signals to the rear while stopping at the way station of Old Monroe; and another, in failing, as the rules of the company required, to have three red lights on the rear end of the caboose. Consequently, in presenting the questions to the jury, on the testimony, Judge McCrary placed it before them principally upon this man's alleged dereliction in failing to have proper signals,—that is, such red lights as were necessary on the rear of the caboose,—in consequence of which failure the following train was deceived as to the location of the way-freight train, and ran into it, causing the accident. It seems to us that Judge McCrary stated the question fairly and fully for the instruction of the jury, and their verdict, which was substantially that the conductor, Childs, was guilty of negligence in failing to take the proper precautions by putting the requisite signals on the rear end of his train, must be sustained.

There was also a question in this case, as there is in almost every case of this kind, as to the alleged negligence of the plaintiff; and the instructions of the court were that if he was guilty of contributory negligence which directly tended to cause the injury, he could not recover. In looking at these instructions, it seems to both of us that the court stated the law fully and clearly to the jury, and, notwithstanding one or two technical criticisms that have been made upon some of the expressions in the instructions, it seems to us that the law was presented to the jury correctly, and that their verdict upon the facts must be sustained.

The motion for a new trial will therefore be overruled.