**ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,**

v.

**LeRoy SMALLS, Charles Bright, and Eva G. Mitchel, Administratrix of the estate of Benjamin Mitchel, deceased, Appellees.**

**No. 6813.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 6, 1954.

Decided Nov. 8, 1954.

Douglas McKay, Columbia, S. C. (McKay & McKay, Columbia, S. C., on brief), for appellant.

Henry H. Edens, Columbia, S. C., (Henry Hammer, Columbia, S. C., and James P. Harrelson, Waterboro, S. C., on brief), for appellees.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and HOFFMAN, District Judge.

PARKER, Chief Judge.

This is an appeal from judgments for plaintiffs in three actions to recover damages from the Atlantic Coast Line Railroad Company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The three cases were consolidated in the court below and heard before a jury, which returned verdicts for $1,500 and $2,000 in two cases involving personal injuries and a verdict for $4,166 in one involving the death of the injured person. The case arose out of injuries inflicted upon employees of the railroad company by an automobile with which the company had no connection, while they were standing at a crossing at Jacksonboro, S. C., waiting to be picked up by one of the company's passenger trains to be carried to Florence, S. C., where they were to attend a safety meeting which the company was holding for its employees. The case was submitted to the jury on the theory that the employees were protected by the Federal Employers' Liability Act while on their way to attend the meeting and that there was evidence in support of the contention of plaintiffs that the company was guilty of negligence in failing to provide them a safe place to work in that it had not lighted the crossing at which they were standing.

There is evidence that the company was holding a safety meeting for its employees at Florence on Saturday March 28, 1953, which the employees here were invited but not required to attend, and at which various matters affecting the safety of work were to be discussed. The employees, who were track repairers or "section hands", were not required to work on Saturdays but were requested by the company to attend this meeting. They were not paid for the time spent in attendance, but the company furnished them free transportation to attend and provided them food while there. The section hands in the vicinity of Jacksonboro were told that one of the company's fast trains would stop for them there around four o'clock on Saturday morning and about

fourteen of them were assembled there about a quarter of an hour before that time. They were standing on the crossing where the state highway crosses the railroad tracks, when an automobile driven by one Cobb, who was not employed by nor in any way connected with the company, ran into them and inflicted the injuries, resulting in the death of one of them, for which the actions for damages are brought. The crossing at which they were standing was about 200 yards distant from the station at Jacksonboro and there were no lights either at the station or at the crossing. The train which was to pick them up was not scheduled to stop at Jacksonboro, which was a mere flag station, but was ordered to stop there on the morning in question so that they might board it and go to Florence to attend the safety meeting.

 On these facts, we think that the court below was correct in holding that the employees on their way to attend the safety meeting were covered by the provisions of the Federal Employer's Liability Act. They were attending the meeting as employees of the company and at its request for purposes connected with their employment in interstate commerce. We think that this was sufficient to bring them within the coverage of the act. Healy v. Pennsylvania R. Co., 3 Cir., 184 F.2d 209, certiorari denied 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674, rehearing denied 341 U.S. 912, 71 S.Ct. 620, 95 L.Ed. 1348; Mostyn v. Delaware, L. & W. R. Co., 2 Cir., 160 F.2d 15, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355. And see also Thompson v. Eargle, 4 Cir., 182 F.2d 717.

We do not think, however, that there is any evidence of negligence on the part of the company to sustain a recovery by plaintiffs. It appears that the crossing at which the employees had congregated was 200 yards distant from the station. They were not ordered or invited by the company to stand in the highway at the crossing, and we know of no principle upon which the company could be held guilty of negligence in not lighting it. Their injuries resulted, not from any negligence of the company, but from their own negligence or the negligence of a third person, for whose acts the company was in no way responsible. Plaintiffs rely upon the decision in Lillie v. Thompson, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73, where a woman employee was assigned to night work in a dangerous locality where she was likely to suffer injury from the criminal acts of persons who were not employees, but that case manifestly has no application here.

As the defendant was entitled for the reasons stated to a directed verdict and to the judgments non obstante veredicto for which it moved, the judgments appealed from will be reversed and the case will be remanded with direction to enter judgments for the defendant.

Reversed.