**B. G. MURRAY, Administrator of the Estate of Henry Clyde Adams, deceased, Appellant,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.**

**No. 7151.**

United States Court of Appeals Fourth Circuit.

Argued April 17, 1956.

Decided May 10, 1956.

Isaac C. Wright and Addison Hewlett, Jr., Wilmington, N. C., for appellant.

L. J. Poisson, Jr., Wilmington, N. C. (H. E. Stacy, Lumberton, N. C., M. V. Barnhill, Jr., Poisson, Campbell & Marshall, Wilmington, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and HARRY E. WATKINS, District Judge.

DOBIE, Circuit Judge.

B. G. Murray as administrator of the estate of Henry Clyde Adams, deceased, brought a civil action against the Atlantic Coast Line Railroad Company (hereinafter called Coast Line) in the United States District Court for the Eastern District of North Carolina. This action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was brought by Murray for the death of Adams, his intestate, an employee of Coast Line, who was killed while working for Coast Line as a member of its bridge crew repairing a bridge in Georgia used in interstate commerce. The complaint alleged that the death of Adams was caused by negligence on the part of Coast Line.

The District Judge directed a verdict in favor of Coast Line and entered judgment in its behalf. Murray has appealed to us. The only issue on this appeal is whether there was sufficient evidence to take to the jury the question of Coast Line's negligence as a contributory cause of the death of Adams. We think this.

question must be answered in the affirmative. Accordingly, the judgment of the District Court must be reversed and a new trial granted.

Adams was young and comparatively inexperienced in work of the kind upon which he was engaged at the time of his death. His duties required him to walk back and forth across the bridge. Just before his death, he had been working in the Northern bay of the bridge, about 215 feet from the Southern end of the bridge. Adams was killed either a few feet South of the bridge or on the trestle a very short distance from its Southern end. The train that killed Adams was a Northbound train, which had come out of a cut about 400 feet from the Southern end of the bridge.

There was evidence in this case that Coast Line promulgated no general rules for the safety of employees working on bridges and that the rules prescribed by the foreman in charge of this particular job were inadequate, see Crew v. St. Louis, K. & N. W. Ry. Co., C.C., 20 F. 87; that the engineer on the train failed to keep a proper lookout; that a catwalk might have been constructed along which the employees could have walked, which would have definitely enhanced the safety of the employees; that the noise of the machinery made it difficult for these employees to hear an approaching train, and that a proper warning of the approaching train was not given to Adams. On all these points, however, the evidence was conflicting.

Perhaps the most serious conflict in the evidence was as to just how and where Adams met his death. According to the testimony of the engineer, Adams was killed a few feet South of the bridge, 'when he walked into the side of the Diesel engine. There was further evidence, particularly the blood stains on the bridge and the place where the body of Adams was found, that Adams was struck by the train on the bridge a few feet from the bridge's Southern end.

On this whole record, we think the court erred in taking the case from the jury. See Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L. Ed. 610, reversing 4 Cir., 128 F.2d 420; 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465, reversing 4 Cir., 142 F.2d 718; Smalls v. Atlantic Coast Line R. Co., 348 U.S. 946, 75 S.Ct. 439, 99 L.Ed. 740, in which the Supreme Court granted certiorari and reversed without opinion 4 Cir., 216 F.2d 842. Certainly the facts in the instant case are far more favorable to the plaintiff than were the facts in the Smalls case.

The judgment of the District Court is reversed and the case is remanded to that court with instructions to grant a new trial.

Reversed and remanded.