Donald E. KOOKER, Appellant,

v.

PITTSBURGH & LAKE ERIE RAILROAD COMPANY, Appellee.

No. 13357.

United States Court of Appeals
Sixth Circuit.

Sept. 17, 1958.

Reed S. Battin, Warren, Ohio (Battin & Downey, Warren, Ohio, on the brief), for appellant.

Richard B. Wilson, Youngstown, Ohio (Wilson & Wyatt, Youngstown, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, MILLER, Circuit Judge, and CECIL, District Judge.

SIMONS, Chief Judge.

This appeal is from a judgment upon a directed verdict for the defendant in a suit by Kooker under the Federal Employers' Liability Act, 45 U.S.C.A. Sec. 51 et seq. There is no substantial dispute as to the facts and the sole question is whether a reasonable inference requires the submission of the issues to the jury.

The appellant was employed by the railroad as a yard helper in a switching crew consisting of an engineer, conductor, fireman and brakeman. The work of the crew was to be conducted at the interchange yard some 2½ to 4 miles east of the Terminal Building where the crew reported for work on Monday, March 9, 1953. It was the practice on that day of the week for the crew to meet at the Terminal Building and ride to the interchange yard on an engine which was to be left there for the next crew. It was also the practice for one of the crew to drive his own automobile to the interchange yard so that the earlier crew would have transportation back to the Terminal Building area, the crew members alternating in driving their cars.

It being Kooker's turn, he drove his car to a vacant lot north of the interchange yard and parked it. In order to get from this lot to the tracks of the appellee railroad, it was necessary to cross two main tracks and a side track of the Baltimore & Ohio Railroad which parallel the appellee's tracks but on a grade some 20′ to 30′ higher. For over thirty years, a path had been worn by the appellee's employees from the B&O tracks to those of the appellee. On the day of the accident, the path was icy and covered with a light snow. While descending this path, Kooker slipped and fell, fracturing his back. He testified that he was injured on the property of the appellee, slipping on the downgrade to about a step from the bottom. Other than the appellant's conclusion, there is no testimony as to where the property of the B&O ends and where the appellee's property begins. There is, however, testimony that at times the appellee had salted the path, when it was slippery with ice and snow, and evidence that officials of the appellee railroad, including trainmen, engineers, firemen and conductors, all used this path. At the conclusion of the appellant's proof, the court directed the verdict against the appellant, upon the sole ground that the accident did not happen on the property of the P&LE Railroad but on that of the B&O Railroad and that the appellee had

no duty to keep the path in safe condition, notwithstanding evidence of its use by its employees.

■■ It requires no citation of authorities, at this late date, to support the principle that an employer is under obligation to use due care to provide his employees with a safe place to work. If this principle is limited to work actually being done upon property of the employer, there is no proof that Kooker's accident occurred on the property of the B&O rather than on that of the defending railroad. It is true, of course, that Kooker had the burden of proving a duty of the appellee to keep the path in safe condition but Kooker had long been familiar with the approaches to the defendant's tracks, with its use by its supervising employees, its previous efforts to promote its safety, and that over a period of thirty years it had been used for access to its own property, both by its employees and others. Kooker's testimony that he was injured upon the property of the appellee rises to something more than an unsupported conclusion. Certainly there is room for an inference that appellee, whether rightly or wrongly, exercised dominion over the path whereon the accident occurred. At the very least, it presented a question for the jury.

■ But the duty of an employer to provide his servants with a safe place to work is not so circumscribed and there are many federal cases which hold that the obligation of an employer may extend beyond its premises and to property which third persons have a primary obligation to maintain. Chicago Great Western Ry. Co. v. Casura, 8 Cir., 234 F.2d 441; Chesapeake & Ohio Ry. Co. v. Thomas, 4 Cir., 198 F.2d 783; Atlantic Coastline R. Co. v. Roberston, 4 Cir., 214 F.2d 746; Beattie v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 217 F.2d 863; Terminal R. Association of St. Louis v. Fitzjohn, 8 Cir., 165 F.2d 473, 1 A.L.R.2d 290. These cases cite and are based upon Ellis v. Union Pacific R. R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572. While the Ellis case differs in its factual circumstances, the principle applicable is the same and there is not too remote analogy to the present case in its facts. Ellis is itself the lineal descendant of Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L. Ed. 916, which stands for the principle that there is an unreviewable fact question whenever an evidentiary basis for a jury's findings appears.

■ The appellee contends that there is no liability because it had itself established a parking lot south of the interchange yard. But, in order to get to the interchange yard from this lot, it was necessary to cross a bridge about 300 feet long which held a set of tracks. Between the rails of the track and the rails of the bridge was a creosoted planking used as a walk for pedestrians. When a railroad car occupied the track, there was a clearance of but ten inches between the edge of the car and the bridge girders so that it was impossible for pedestrians to cross while a train was on it. While a pedestrian could step into a space between the girders and have sufficient space to allow a train to cross, it was a jury question whether this was a safe maneuver. Employees of the defendant were left to their choice in using the parking lot to the north or the lot to the south, provided by the appellee. Employees were not required to use its lot and they had for many years, without warning, used the parking lot to the north which required ingress to the working area over the path upon which Kooker was injured.

■ We think it idle to contend that the appellant was not working at the time of the injury, in view of the fact that travel time was compensated for. It was brought out upon cross examination that Kooker and other members of the crew were paid an additional hour and one-half in wages to compensate them for the time used in going from the yard at the end of the work day. It is superfluous to argue that this was not working time, in view of long practice, if not indeed by agreement.

Reversed and remanded to the District Court for retrial.