Michael SHENKER, Plaintiff,

v.

BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, and the Pittsburgh & Lake Erie Railroad Company, a corporation, Defendants.

Civ. A. No. 16438.

United States District Court
W. D. Pennsylvania.

Aug. 8, 1961.

---

[1]. Now 8 U.S.C.A. § 1439.

John Ruffalo, Youngstown, Ohio, James A. Wright, Pittsburgh, Pa., for plaintiff.

H. Fred Mercer, Mercer & Buckley, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

In this F.E.L.A., 45 U.S.C.A. § 51 et seq., case, there was evidence from which the jury could have found the following facts: On October 15, 1956, the 49-year-old plaintiff was employed by the defendant, Baltimore and Ohio Railroad Company (B. & O.) as a baggageman, his duties, inter alia, being to assist in loading and unloading mail cars at the passenger stations of defendants, B. & O. and The Pittsburgh & Lake Erie Railroad Company (P. & L. E.) at their Mahoningtown, New Castle stations. Tracks of the P. & L. E. and tracks of the B. & O. were located between the two stations. In order to service P. & L. E. mail cars, plaintiff had to leave the B. & O. station, cross the B. & O. and P. & L. E. tracks, and go upon the platform of the P. & L. E. station. The P. & L. E. station was unmanned. The B. & O. ticket agent sold tickets to P. & L. E. passengers; plaintiff was paid by B. & O. and was subject exclusively to that company's orders and directions.[1]

Early in the morning, plaintiff pulled his wagon or cart onto the P. & L. E. platform, stopped it in front of the doorway of the mail car on a P. & L. E. train, and proceeded to pick up the mail bags on his wagon and swing some of them

[1] The defendant P. & L. E. was granted a directed verdict because the plaintiff did not allege or prove that he was an employee of the P. & L. E., cf. Hull v. Philadelphia & Reading Ry. Co., 252 U.S. 475, 40 S.Ct. 358, 64 L.Ed. 670, and because they were both citizens of Pennsylvania. Jacobson v. New York, N. H. & H. R. Co., 1954, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067, affirming 1 Cir., 206 F.2d 153; Di Frischia v. New York Central R. Co., 3 Cir., 1960, 279 F.2d 141, 143.

through the opening of the mail car door where the P. & L. E. baggageman, Beck, received them.

On this occasion the sliding door on the P. & L. E. car would not open its full width but would open only 18 to 20 inches. When plaintiff swung a mail sack weighing 80 to 100 pounds into the narrow opening the width of this sack prevented it from going through the opening, and he had to exert considerable extra force to push it through the narrow opening into the car. In so doing, he twisted his body and felt a snap in his back. He reported the injury promptly to the B. & O. On subsequent examination, he was found to have sustained a ruptured intervertebral disc, which eventually required a laminectomy. This injury resulted in a permanent disability.

The defendant, B. & O., moved for a directed verdict which was denied. The jury found a verdict in favor of plaintiff in the sum of $40,000. Defendant now moves for judgment notwithstanding the verdict.

■■ It was the duty of defendant employer to use reasonable and ordinary care to provide plaintiff, its employee, with reasonably safe cars, appliances, and equipment in connection with his work. A failure to do so is negligence. This duty is a continuing and nondelegable one. The fact that the car was owned by and located on the tracks of another railroad does not absolve the defendant employer from liability for the injuries its employee may sustain by reason of its failure to provide him with reasonably safe cars, appliances or equipment. Cf. Kooker v. Pittsburgh & L. E. R. R. Co., 6 Cir., 1958, 258 F.2d 876; Chicago Great Western Ry. Co. v. Casura, 8 Cir., 1956, 234 F.2d 441; Beattie v. Elgin J. and E. Ry. Co., 7 Cir., 1954, 217 F.2d 863.

■ The evidence, we think, was sufficient for the jury to find with reason that the defective door created an un-

reasonably unsafe condition for an employee whose duty was to swing heavy mail sacks from a cart into a mail car; that it was foreseeable that this condition might cause an injury to him; and that it was negligence to fail to eliminate the unsafe condition after notice thereof prior to the accident.

In addition, there was sufficient evidence from which the jury could find with reason that this unsafe condition contributed in whole or in part to the plaintiff's injury.

Furthermore, there was evidence from which the jury could find that the unsafe condition existed for a period sufficiently long that defendant, B. & O., had constructive notice thereof. Plaintiff testified that, immediately prior to the accident and while he and Beck were trying unsuccessfully to open the door wider, he told Beck, the P. & L. E. baggageman, that he ought to get the door fixed, and Beck replied that he had reported it for repair, but that the door had not been fixed. T., pp. 27, 28, 53.

■ "Inasmuch as plaintiff at the time of the accident was in a place where his assigned duties required him to be, defendant on the issue of negligence was charged with knowledge" of the condition created by the defective door "which in the exercise of reasonable care it could have ascertained." Notice of a condition rendered unsafe by a defective appliance will be imputed to the employer where it could have been discovered by reasonable inspection and by the exercise of reasonable care. Beattie v. Elgin, J. and E. Ry. Co., supra, 217 F.2d at page 866;[2] see also, citations supra.

■■ The employer's duty to inspect and to repair a defective appliance creating an unreasonably unsafe condition cannot be delegated. In the case at bar, it was for the P. & L. E. to discharge that duty, and its negligence in failing to do so

2. This case distinguishes Kaminski v. Chicago River & Indiana R. Co., 7 Cir., 200 F.2d 1 and Wetherbee v. Elgin, J. and E. Ry. Co., 7 Cir., 191 F.2d 302, relied upon by defendant.

**111**

was the negligence of the plaintiff's employer, B. & O., as a matter of law.

We agree with the defendant that it is difficult to understand how the jury could find that the narrow opening caused by the defective door created an unreasonable risk of harm on which to predicate liability, and if it could, how the jury could find that an injury could reasonably be foreseen; however, those issues, as well as the other issues mentioned, were for the jury. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Sano v. Pennsylvania R. Co., 3 Cir., 1960, 282 F.2d 936; and cases cited supra.

An order will be entered denying the defendant's motion for judgment n. o. v.