No. 72–1706. HYATT v. ATCHISON, TOPEKA & SANTA FE RAILWAY Co. Ct. App. Cal., 4th App Dist. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs, dissenting.

Petitioner seeks certiorari from the California Court of Appeal, which reversed a $55,000 jury verdict in his favor in this Federal Employers' Liability Act case. Petitioner suffered serious injuries when struck by a speeding car while crossing a highway separating respondent's yards, which have no food-serving facilities, from a diner on the other side of the highway. The court found that petitioner was acting within the scope of his employment; he was on a paid 20-minute lunch break and was on call. The court also found that there was sufficient evidence of foreseeability and avoidability to take the case to the jury. There were no stop signs on the highway, which had a 40-mile-per-hour speed limit. There was evidence that respondent knew that its employees frequently crossed the highway to the diner and had in fact constructed a path for them to the edge of the highway; that workers at times had to wait up to five minutes to cross the highway; that respondent knew of a previous accident involving one of its employees crossing the highway; but that respondent had taken no steps to mitigate the dangers to its employees.

Nonetheless, the court entered judgment n. o. v. for respondent, reasoning that in FELA cases the common law of negligence requires that a "duty" of the employer to the employee has to be shown, and that such

duty was not present in this case. The court, "synthesizing" past cases, found that a "duty" had been found only when (1) an employee was injured on the premises of his employer, or (2) an employee was *required* to be on the premises of a third party in the performance of duties for the employer.

The California court has limited the applicability of the FELA contrary to the purpose of Congress when it amended the Act to wipe out a host of judicially created defenses which had been engrafted on the Act. See *Rogers* v. *Missouri Pacific R. Co.*, 352 U. S. 500, 508–510; *Tiller* v. *Atlantic Coast Line R. Co.*, 318 U. S. 54, 64–68. Moreover, lower federal courts have found FELA liability where an employee was injured on the premises of a third party though not required to be there by the employer to conduct the employer's business. See *Carter* v. *Union R. Co.*, 438 F. 2d 208, 210–211; cf. *Kooker* v. *Pittsburgh & Lake Erie R. Co.*, 258 F. 2d 876, 878. See also *Smalls* v. *Atlantic Coast Line R. Co.*, 348 U. S. 946, rev'g 216 F. 2d 842; *Bountiful Brick Co.* v. *Giles*, 276 U. S. 154.

I would grant certiorari and put the case down for oral argument.