UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Nolan MANLEY,
Defendant-Appellant.

No. 77–5275
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1977.

Rehearing Denied Dec. 30, 1977.

Roy Pitts, Meridian, Miss. (Court-appointed), for defendant-appellant.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GOLDBERG, RONEY and FAY, Circuit Judges.

PER CURIAM:

Appellant Manley was convicted upon trial by jury of receipt of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(h)(1). The one count indictment against Manley charged, in pertinent part, that Manley "knowingly did receive a firearm, . . . which had been shipped and transported in interstate commerce. . ." No contention is raised that the government failed to prove that Manley knowingly received the firearm or that the firearm had been shipped in interstate commerce. The sole issue before us is whether the government must prove that Manley knew, at the time he received the firearm, that the firearm had been shipped in interstate commerce.

Under the Supreme Court's recent decision in *Barrett v. United States,* 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976), there can be no doubt that § 922(h) covers the intrastate receipt of a firearm that previously had moved in interstate commerce. Contrary to appellant's contention, the law is well settled that the government is not required to prove appellant's knowledge of the interstate nexus in these circumstances. *United States v. Lupino,* 480 F.2d 720, 724 (8th Cir. 1973), *cert. denied* 414 U.S. 924, 94 S.Ct. 257, 38 L.Ed.2d 159 (1973); *United States v. Wiley,* 478 F.2d 415 (8th Cir. 1973), *cert. denied* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). Compare *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). Thus, the trial judge's refusal to grant a judgment of acquittal at the close of the prosecution's case and his refusal to issue the defense's proffered instruction were not error. Nor does a fair reading of the indictment suggest that the government was bound to prove that Manley not only "knowingly" received the firearm but "knew" that the firearm had been shipped in interstate commerce. The government successfully proved its case as laid out in the indictment.

AFFIRMED.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.