UNITED STATES of America,
Plaintiff-Appellee,

v.

Jerry THRASHER, Defendant-Appellant.

No. 77–5689
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 17, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

895

Harry L. Kelley, Jackson, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Jerry Thrasher, a convicted felon, appeals his conviction for receiving and possessing a firearm transported in interstate commerce. 18 U.S.C.A. § 922(h)(1). Finding his contentions without merit, we affirm.

Testimony at trial established that the firearm, a .25 caliber pistol, was shipped from Miami, Florida, to a licensed dealer in Yazoo City, Mississippi. It then was sold to a Martha Jackson. On January 8, 1977, Allen Bigford had possession of the pistol when he and Thrasher were drinking. Early the following morning police officers found them drunk in Thrasher's car. The pistol was in appellant's coat pocket.

Thrasher's first contention is that the evidence was insufficient to prove he had knowledge the firearm was shipped in interstate commerce. The law is well settled, however, that the government is not required to prove knowledge of the interstate nexus of the firearm. See *United States v. Manley,* 5 Cir., 1977, 563 F.2d 779, and cases cited therein.

Thrasher also argues that he was indicted under the wrong statute. He points out that 18 U.S.C.A. App. § 1202(a)(1) contains a provision similar to 18 U.S.C.A. § 922(h)(1) prohibiting receipt of firearms by a felon and carrying a lesser maximum penalty. These statutes were enacted simultaneously by different titles of the Omnibus Crime Control and Safe Streets Act of 1968. See *United States v.*

*Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488. In absence of any language to the contrary, however, the government has the discretion to prosecute under either statute, regardless of whether one allows a harsher sentence. *United States v. Phillips,* 8 Cir., 1975, 522 F.2d 388; *Mauney v. United States,* 6 Cir., 1972, 454 F.2d 273. *Cf. United States v. Hancock,* 5 Cir., 1971, 441 F.2d 1285, 1287, *cert. denied,* 404 U.S. 833, 92 S.Ct. 81, 30 L.Ed.2d 63 (government has discretion to prosecute for fraudulent misapplication of investment company funds, 18 U.S.C.A. § 657, or for fraudulent receipt of such funds, 18 U.S.C.A. § 1006).

AFFIRMED.