**UNITED STATES of America, Appellee,**

v.

**Lewis Vincent WILLIAMS, Appellant.**

No. 78–5002.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 17, 1978.

Decided Dec. 8, 1978.

Michael S. Frisch, Washington, D.C. (Ravdin & Frisch, Washington D.C., on brief), for appellant.

Herbert Better, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Lewis Vincent Williams appeals from the judgment entered upon his conviction for receipt of a firearm in violation of 18 U.S.C. § 922(h)(1),* asserting that the government's proof failed to show that he knew that the crime of which he had been previously convicted was punishable by a term exceeding one year. We affirm.

By its terms, § 922(h)(1) does not require proof of knowledge on the part of the defendant as to the maximum penalty which might have been imposed on the charge made in a pending indictment or on a past conviction. By contrast, other portions of § 922 require either proof of knowledge on the part of a defendant in order to establish their violation, *see* § 922(a)(6), (e), (k), (*l*) and (m), or proof of knowledge or reasonable cause to believe, *see* § 922(a)(5), (b)(1), (b)(2), (b)(3), (f), (i), and (j). In two cases which have considered the extent of proof

---

* Section 922(h)(1), in pertinent part, reads:
  It shall be unlawful for any person—
  (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year

to receive any firearm . . . which has been shipped or transported in interstate or foreign commerce.

necessary to show a violation of § 922(h)(1), it has been held that scienter is not an element of the crime and Congress did not make ignorance of the law a defense in a prosecution under § 922(h). *See United States v. Thrasher*, 569 F.2d 894, 895 (5 Cir. 1978); *United States v. Turcotte*, 558 F.2d 893, 896 (8 Cir. 1977). *But see United States v. Renner*, 496 F.2d 922 (6 Cir. 1974).

We are persuaded by *Thrasher* and *Turcotte* and follow them. Additionally, we think that *Renner* is distinguishable. It held that knowledge of a pending indictment need be proved when the fact making receipt of a firearm illegal was the pendency of an indictment charging the violation of a crime punishable by a term exceeding one year. The rationale of *Renner* is the manifest unfairness of convicting a defendant when the indictment may be unserved or when, under the practice in some states, it may have been dismissed, but with leave to reinstate it. 496 F.2d at 926–27. That rationale is inapplicable here; the previous conviction was bound to be known by defendant.

*AFFIRMED.*