951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
James Allen LORENZO, Jr., Defendant-Appellant.
 No. 91-3106.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 1
 Before MERRITT, Chief Judge, RYAN, Circuit Judge, and JAMES HARVEY, Senior District Judge.*
 
 
 2
 JAMES HARVEY, Senior District Judge.
 
 
 3
 Defendant James Allen Lorenzo, Jr. appeals his conviction and sentence for multiple counts of possession of a firearm by a convicted felon. For the following reasons, we affirm the conviction and sentence.
 
 I.
 
 4
 On April 29, 1988, defendant's wife (Mrs. Lorenzo) called police to report that defendant had physically abused her but that she had escaped to a neighbor's house. The next day Mrs. Lorenzo and her father returned to her home, and found the house in a shambles, gunshot holes in the walls, and a .38 caliber revolver missing. When they later discovered a threatening message from defendant on Mrs. Lorenzo's father's answering machine, Mrs. Lorenzo again contacted police. After her father later called police to report another threat, Mrs. Lorenzo accompanied police to her home and consented to a search for weapons. Eventually, police confiscated numerous firearms, including handguns, rifles, and shotguns.
 
 
 5
 After a federal grand jury charged defendant with several counts of possession of a firearm by a convicted felon, and several counts of knowingly making false statements to obtain a firearm, a jury found him guilty of all but one of the possession charges, and not guilty of all charges involving false statements.
 
 II.
 A.
 
 6
 Defendant attacks his conviction on the ground that the district court erred by refusing to instruct the jury that to convict him under 18 U.S.C. § 922(h) it had to find that he knew he had previously been convicted of a crime punishable by more than one year in prison. His argument lacks merit.
 
 
 7
 Defendant relies on United States v. Renner, 496 F.2d 922 (6th Cir.1974), in which this Court held that, to convict a defendant under 18 U.S.C. § 922(h) for possession of a firearm by a person under indictment for a crime punishable by more than a year in prison, a jury must find that the defendant knew of the indictment. Yet, the facts of Renner are distinguishable from the facts of this case. In Renner, we said that it would be unfair to convict a defendant of possession of a firearm while under indictment, where the defendant had no way of knowing of the indictment. 496 F.2d at 926-27. Here, however, defendant should have known that the offense of which he had previously been convicted was punishable by more than one year in prison. See United States v. Williams, 588 F.2d 92, 93 (4th Cir.1979) (per curiam ) (holding under same facts that Renner is inapplicable because "the previous conviction was bound to be known by defendant" ). Accordingly, the district court properly refused defendant's proposed jury instruction.
 
 B.
 
 8
 Next, defendant attacks his sentence on the ground that the district court erroneously found that he did not possess the firearms merely for sport. Under U.S.S.G. § 2K2.1(b), defendant was entitled to a reduction in his offense level if the district court found that he possessed the firearms solely for sporting purposes or collection. We review a district court's findings of fact with regard to sentencing under a clearly erroneous standard. United States v. Christoph, 904 F.2d 1036, 1039 (6th Cir.1990).
 
 
 9
 We see no reason to overturn as clearly erroneous the district court's finding that defendant did not possess the firearms merely for sport. Defendant concedes that he fired at least one of his weapons in his house after the dispute with his wife. Such use is not for sport. Furthermore, the evidence shows that several of the weapons were not hunting weapons or commonly collected weapons. Moreover, although defendant stored most of his firearms in a gun cabinet, police found a shotgun under the kitchen sink. Thus, Lorenzo's argument is not persuasive.
 
 C.
 
 10
 Defendant also attacks his sentence on the ground that the district court erroneously found that he did not accept responsibility for committing the crimes charged. Under U.S.S.G. § 3E1.1, the district court could have reduced defendant's offense level if it found that defendant had accepted personal responsibility for his criminal conduct.
 
 
 11
 Although defendant apparently stipulated to many of the facts of this case, he required the government to prove its case at trial. Moreover, even though "[a] defendant may be given consideration under [U.S.S.G. § 3E1.1] without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury," U.S.S.G. § 3E1.1, "the determination of the sentencing judge is entitled to great deference on review," id. application note 5. Hence, because the district judge explicitly found that "the defendant has not comported himself in a way that would entitle him to a two-level reduction [for acceptance of responsibility]," Joint Appendix at 106, we will not overturn as clearly erroneous the district court's finding.
 
 D.
 
 12
 Finally, defendant contends that his rights under the Ex Post Facto Clause of the United States Constitution have been violated because the district court sentenced him under the Sentencing Guidelines, instead of the law as it existed before the effective date of the Sentencing Guidelines, even though his prior felony convictions occurred before that date. This argument also lacks merit.
 
 
 13
 In Collins v. Youngblood, 111 L.Ed.2d 30, 45 (1990), the Supreme Court stated that no Ex Post Facto Clause violation occurs where a statute "does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed." Defendant asserts that the Sentencing Guidelines, which were enacted after his previous felony convictions, punish him more harshly than prior law. To constitute an Ex Post Facto Clause violation, however, the Sentencing Guidelines must punish him more harshly after he has committed the crimes charged. The jury convicted him of several counts of possessing firearms. The punishment for those crimes did not become more burdensome after defendant committed them. Moreover, his status as a person previously convicted of an offense punishable by more than one year in prison was not a crime of which he was convicted. Further, "[i]t is well established 'that where Congress has rationally concluded that persons who have demonstrated a tendency in the past to engage in conduct that Congress has the power to proscribe, Congress may restrict such future activities without violating the Ex Post Facto prohibition.' " United States v. Sutton, 521 F.2d 1385, 1390-91 (7th Cir.1975) (quoting United States v. Karnes, 437 F.2d 284, 289-90 (9th Cir.), cert. denied, 402 U.S. 1008 (1971)). Accordingly, defendant's rights under the Ex Post Facto Clause were not violated.
 
 III.
 
 14
 In conclusion, having considered each of defendant's grounds for appeal, and finding them without merit, we AFFIRM defendant's conviction and sentence.
 
 
 
 *
 The Honorable James Harvey, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation