*0RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0350p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 06-5984

RONALD GIPSON BAKER,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 06-00024—Jennifer B. Coffman, District Judge.

Argued: June 1, 2007

Decided and Filed: August 29, 2007

Before: GIBBONS and COOK, Circuit Judges; and CLELAND, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Jeffrey C. Rager, VIRGINIA LAWSON & ASSOCIATES, Lexington, Kentucky, for Appellant. Andrew Sparks, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** Jeffrey C. Rager, VIRGINIA LAWSON & ASSOCIATES, Lexington, Kentucky, for Appellant. Charles P. Wisdom, Jr., David P. Grise, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

---

**OPINION**

---

COOK, Circuit Judge. Ronald Gipson Baker pleaded guilty to possessing a shotgun after having been convicted of a misdemeanor crime of domestic violence. The district court sentenced him to ten months in prison. Baker now challenges the disallowance of one reduction, arguing that the shotgun is a family heirloom possessed "solely for lawful sporting purposes or collection" pursuant to U.S.S.G. § 2K2.1(b)(2). Although a firearm held for sentimental reasons may qualify under this section under some circumstances, we conclude that Baker was not entitled to the reduction. Accordingly, we affirm.

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

I

Baker's family owned a Belknap shotgun for three generations. Federal law, however, prohibited Baker from possessing a firearm following his conviction of a misdemeanor crime of domestic violence in 2001 by an Indiana state court. *See* 18 U.S.C. § 922(g)(9). Although Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE") officials had cautioned Baker that he was prohibited from possessing firearms, he wanted to pass the Belknap to his own child in the future, as it had been passed to him. To this end, Baker entrusted the weapon to his employer, Adam Stall. Stall kept the shotgun for approximately one year, storing it at his home, his grandmother's home, and finally at his business office.

In 2005 Baker and Stall argued over Baker's job performance and benefits, and Stall fired Baker. After this falling out, Stall instructed Baker to remove his possessions from the office, including the shotgun. Despite the ATFE agents' warning, Baker took the shotgun home. Baker alleges that at some point during the next two days he telephoned his mother and father in Indiana to retrieve the shotgun. Unfortunately for Baker, they had not yet done so when Lee County Sheriff's deputies discovered the shotgun in Baker's residence while responding to a domestic dispute.

The government charged Baker with (1) possessing a shotgun while subject to a domestic violence order, 18 U.S.C. § 922(g)(8); (2) possessing this shotgun after having been convicted of a misdemeanor crime of domestic violence, *id.* § 922(g)(9); (3) possessing two handguns after having been convicted of a misdemeanor crime of domestic violence, *id.*; and (4) knowingly making a false written statement on an ATF Form 4473 in connection with his purchase of one of the handguns, *id.* §§ 922(a)(6), 924(a)(2). Pursuant to a written plea agreement, Baker pleaded guilty to Count Two in exchange for dismissal of the remaining counts.

Baker objected to the Presentence Investigation Report's ("PSR") calculation, arguing that he was entitled to a reduction in his base-offense level under U.S.S.G. § 2K2.1(b)(2) because the shotgun was merely a collector's item. The district court found that Baker had not established that the shotgun was held for collection. The district court thus overruled Baker's objection and sentenced him to ten months.

Baker reasserts the objection raised at sentencing.

II

A. Standard of Review

The parties dispute the proper standard of review. The government argues that a decision regarding the purposes of a defendant's possession of a firearm is a factual determination to be upheld on appeal unless clearly erroneous; Baker urges de novo review.[1]

In reviewing individual Guidelines determinations, we accept the district court's factual findings unless clearly erroneous, *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005), but review de novo "the district court's legal interpretation of the Guidelines, including mixed questions of law and fact," *United States v. Settle*, 414 F.3d 629, 630 (6th Cir. 2005). "A district court's application of the facts to the Sentencing Guidelines is a mixed question of law and fact that we review de novo." *United States v. Middleton*, 246 F.3d 825, 844 (6th Cir. 2001); *see also, e.g.*,

---

[1]The government relies on *United States v. Morrison*, 983 F.2d 730 (6th Cir. 1993), which cites our earlier unpublished decision in *United States v. Lorenzo*, No. 91-3106, 1991 WL 270815 (6th Cir. Dec. 19, 1991). In neither case was the district court required to interpret the scope of this Guidelines provision.

*United States v. Layne*, 324 F.3d 464, 468 (6th Cir. 2003); *United States v. Georgia*, 279 F.3d 384, 386-87 (6th Cir. 2002); *United States v. McDonald*, 165 F.3d 1032, 1034 (6th Cir. 1999); *United States v. Kushmaul*, 147 F.3d 498, 500 (6th Cir. 1998). The district court made several factual findings and applied those facts to the Guidelines; the parties disagree about whether those facts indicate that Baker possessed the shotgun solely for collection. "Addressing this inquiry requires us to interpret the language and meaning of the guidelines." *Kushmaul*, 147 F.3d at 500. Accordingly, we review this mixed question of law and fact de novo.

## B.  Merits

Section 2K2.1(b)(2) entitles Baker to a base-offense level of 6 if he proves, by a preponderance of the evidence, that he "possessed all ammunition and firearms solely for lawful and sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." U.S.S.G. § 2K2.1(b)(2); *see also Morrison*, 983 F.2d at 732; *United States v. Rodriguez*, 896 F.2d 1031, 1032 (6th Cir. 1990). In determining whether § 2K2.1(b)(2) applies, we consider the "[r]elevant surrounding circumstances[,] includ[ing] the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1 cmt. n.6.

Baker argues that three "relevant surrounding circumstances" show he possessed the shotgun for collection: (1) deputies found the gun in three pieces, in three separate rooms of the house (broken down due to children living in the house); (2) deputies found no ammunition with the gun; and (3) the gun held sentimental value after generations in the family, a tradition he intended to follow by passing it down to his child. Baker admits that the shotgun was neither a classic gun nor valuable in any objective sense. The district court credited these assertions, but also noted that the gun was not "stored in a manner showing that it was valued or treasured," nor was it "polished and treated as one would treat something that was part of a collection." We will not disturb these factual findings on appeal as they are not clearly erroneous. *Davidson*, 409 F.3d at 310.

Other than these facts, little supports according the gun "collection" status. Baker insists that because he stored the objectively worthless gun in pieces without ammunition, the only permissible inference is that he possessed the gun as a family heirloom solely for collection, rather than for some illicit purpose. He implicitly suggests that the absence of negative factors proves his case. But that argument turns the analysis on its head by requiring the *government* to prove Baker kept the shotgun for *impermissible* purposes rather than Baker proving he qualifies for the reduction. *Morrison*, 983 F.2d at 732.

Baker's evidence falls short, as sentimental attachment alone does not earn the reduction. Not all heirloom firearms are possessed solely for collection. Save for the absence of ammunition, the record lacks other affirmative facts consistent with the shotgun being held solely for collection.[2] With no other persuasive indicia of collection, we conclude that the district court properly denied Baker the offense-level reduction he sought.

## III

For the foregoing reasons, we affirm.

---

[2]We express no opinion about whether a single firearm could constitute a "collection."