**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lane Dale DANIELS, Defendant-Appellant.**

**No. 25297.**

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1970.

reach wholly intrastate transactions, and it is therefore beyond the scope of the Commerce Clause; and (2) the Government failed to prove that the firearm he possessed was in commerce or affected commerce, which is an element of the offense. We reject both contentions.

The numerous cases expanding the Commerce Clause to embrace local activities, when those activities bear even tangentially on interstate commerce defeat defendant's constitutional argument. *E. g.,* Maryland v. Wirtz (1968) 392 U. S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020; Katzenbach v. McClung (1964) 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290; Wickard v. Filburn (1942) 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122; United States v. Biancofiori (7th Cir. 1970) 422 F.2d 584.

We hold that the fact that the firearm was in commerce or affected commerce is not an element of the offense stated in section 1202, adopting the rationale of United States v. Bass (S.D. N.Y.1970) 308 F.Supp. 1385.

The judgment is affirmed.

Bernard G. Winsberg (argued), Los Angeles, Cal., for defendant-appellant.

David P. Curnow (argued), Asst. U. S. Atty., Robt. L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and HUFSTEDLER, Circuit Judges, and PECKHAM,* District Judge.

PER CURIAM:

Defendant appeals from his conviction for violating 18 U.S.C.App. § 1202 (convicted felon's possession of a firearm). He contends that: (1) the statute is unconstitutional, because it purports to

---

\* Honorable Robert F. Peckham, United States District Court Judge for the Northern District of California.