**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hayden Thopless CROW, Defendant-Appellant.**

**No. 25850.**

United States Court of Appeals, Ninth Circuit.

March 24, 1971.

Rehearing Denied April 27, 1971.

**1194**

Victor Sherman, Beverly Hills, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before KOELSCH, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

Convicted of violating § 1202(a) of the Omnibus Crime Control and Safe Streets Act of 1968 (Pub.L. 90–351, Title VII, § 1202(a), June 19, 1968, 82 Stat. 236; 18 U.S.C. Appendix § 1202(a),[1] Crow appeals. The offense occurred on November 16, 1969. Crow was driving a pickup truck in an unlawful manner, and was stopped by police officers. They saw in the truck an M–1 carbine wrapped in a jacket. It was fully loaded, with one round in the chamber and a loaded 16 round magazine attached. Crow had been convicted in 1959 in Texas of a felony, murder without malice.

1. *Must possession be in or affecting commerce? If not, is the statute unconstitutional?*

Both of these questions were answered "no" by us in United States v. Daniels, 9 Cir., 1970, 431 F.2d 697.

2. *Is the statute, as applied to Crow, an ex post facto law?*

■ In raising this question Crow does not rely on the fact that his Texas conviction occurred long before the statute was enacted. Nor could he; the offense occurred after the statute was enacted and became effective. United States v. Karnes, 9 Cir., 1971, 437 F.2d 284. Rather, he argues that if the statute, as applied to him, is construed as making his mere possession of the weapon an offense, without regard to whether that possession was in or affected interstate commerce, that construction is so novel and unexpected as to amount to an *ex post facto* judicial construction. He relies on Bouie v. City of Columbia, 1964, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894. It is a far cry, however, from that case to this. There, the Supreme Court of South Carolina, after the defendants *refused to leave* a restaurant when told

1. The statute reads, in pertinent part:
   "Sec. 1202. (a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony
   * * * and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

by the owner to do so, held that they had violated a statute making it an offense to *enter* property after notice prohibiting the entry. Until shortly after the defendants' arrest, the South Carolina courts had construed the statute as limited to entry. The *Bouie* Court held that this novel construction, as applied to the defendants, was as much an *ex post facto* law as if it had been enacted by the legislature (p. 353, 84 S.Ct. 1697).

Nothing similar appears here. The language of § 1202(a) is certainly consistent with the construction given it by this court in *Daniels, supra*, and so far as we are advised, no court has ever construed it differently.

3. *Does the statute require knowledge or intent?*

█ The trial court held that it does not, except as the word "possession" imports a knowing possession. We agree. Crow argues that the government must show that he knew that it was unlawful to possess the gun. The statute does not say so; it does not use the word "knowingly" or "intentionally" or "wilfully" or any other comparable word. On its face, it makes possession alone an offense. We know of no reason for reading guilty knowledge into the statute.

Morissette v. United States, 1952, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, cited by Crow, dealt with a statute punishing "whoever embezzles, steals, purloins or knowingly converts" government property. The Court held that these offenses derived from the common law and carried with them the common law requirement of *mens rea* or *scienter*. But the Court distinguished and approved other cases in which Congress had created new offenses, unknown to the common law, and had specified no requirement of *scienter*. In the case of such statutes, particularly those of a regulatory character, the Court has declined to read a requirement of *scienter* into them. The cases thus distinguished are United States v. Balint, 1922, 258

U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (sale of drugs not in pursuance of a written order; held, knowledge that the drugs were of a prohibited type not required); United States v. Behrman, 1922, 258 U.S. 280, 288, 42 S.Ct. 303, 66 L.Ed. 619 (similar); United States v. Dotterweich, 1943, 320 U.S. 277, 280–281, 64 S.Ct. 134, 88 L.Ed. 48 (introducing adulterated drugs into commerce).

There are a number of cases holding that, where a statute prohibits possession, *mens rea* or *scienter* is not necessary. Examples are Bryan v. United States, 5 Cir., 1967, 373 F.2d 403, 405; United States v. Fogarty, 6 Cir., 1965, 344 F.2d 475, 478; Sipes v. United States, 8 Cir., 1963, 321 F.2d 174, 179 (Blackmun, Circuit Judge). Each of these cases holds that knowing possession of a firearm that is in fact not registered is an offense; that *scienter* in the sense in which Crow uses it is not required. Thus the government need not allege or prove knowledge that the gun was not registered. The reasoning of those cases is applicable to § 1202(a). Like the National Firearms Act, it is a regulation of the traffic in firearms; like that Act, it makes possession the offense and does not require *scienter*. *Cf*. United States v. Wilson, 9 Cir., 1971, 438 F.2d 525. And it is clear to us that this is what Congress intended. The sponsor of the section, Senator Long, said:

"* * * Congress simply finds that the possession of these weapons by the wrong kind of people is either a burden on commerce or a threat that affects the free flow of commerce. * * *" 114 Cong.Rec. 13,869 (1968).

Lambert v. California, 1957, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 and United States v. Mancuso, 2 Cir., 1970, 420 F.2d 556, also relied on by Crow, do not help him. *Lambert* dealt with a local ordinance requiring sex offenders to register within 5 days after entering Los Angeles. It was held that lack of knowledge of the duty to register is a defense required by due process. How-

ever, the Court there pointed out (pp. 228–229, 78 S.Ct. pp. 242–243) :

"There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition. See Chicago, B. & Q. R. Co. v. United States, 220 U.S. 559, 578, 31 S.Ct. 612, 55 L. Ed. 582. But we deal here with conduct that is wholly passive—mere failure to register. It is unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed. *Cf.* Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 30 S.Ct. 663, 54 L.Ed. 930; United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; United States v. Dotterweich, 320 U.S. 277, 284, 64 S.Ct. 134, 88 L. Ed. 48. The rule that 'ignorance of the law will not excuse' (Shevlin-Carpenter Co. v. Minnesota, *supra,* p. 68, [30 S.Ct. at page 666]) is deep in our law, as is the principle that of all the powers of local government, the police power is 'one of the least limitable.' \* \* \*

"But the present ordinance is enterly different. Violation of its provisions is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are completely lacking."

*Mancuso* applies the principles of *Lambert* to 18 U.S.C. § 1407, which requires a narcotics law violator or narcotics user to register when leaving or entering the United States.

Section 1202(a) is different. First, "merely passive" conduct is not involved.

To violate the law, one must acquire knowing possession of a firearm. Second, when one is a convicted felon, he should, in our opinion, be alert to the possible consequences. Thus the rule that is "deep. in our law," that "ignorance of the law will not excuse," is applicable here.

*4. Is the statute unconstitutionally vague?*

■ Crow argues that the statute can equally readily be construed to require that possession be in or affect commerce, or not to contain such a requirement, and that it is therefore so vague as to offend due process. We do not agree. The fact that a statute requires construction does not necessarily render it void; if that were so, few criminal statutes would survive. We think that the language of the statute supports the construction that we have given it in *Daniels, supra,* and that, so construed, it is not unconstitutionally vague.

*5. Was there an unlawful search and seizure?*

■ Crow moved to suppress the gun as unlawfully found and seized. The motion was denied. On appeal, he states that the propriety of the denial is one of the questions presented. He does not argue the point, and we could disregard it for that reason. However, we have examined the record and hold that there was no error. Crow's car was lawfully stopped. The gun was in plain view. See Ker v. California, 1963, 374 U.S. 23, 43, 83 S.Ct. 1623, 10 L.Ed.2d 726; Buick v. United States, 9 Cir., 1968, 396 F.2d 912, 915.

Affirmed.