**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank McKinnley BROWN, Jr.,
Defendant-Appellant.**

**No. 72–1643.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 1973.

Philip Huddleston (Court Appointed), Bowling Green, Ky., for defendant-appellant.

Kenneth L. Travis, Regional Counsel, Bur. of Alcohol, Tobacco & Firearms, Department of the Treasury, Cincinnati, Ohio, George J. Long, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

WEICK, Circuit Judge.

In a one-count indictment in the District Court the Grand Jury charged that appellant Brown, having been convicted of "malicious shooting with intent to kill, a felony, knowingly did receive and possess a firearm, that is, an Arms Company .22 caliber revolver, Serial No. 20064, which had moved in interstate commerce," in violation of Section 1202 (a)(1) Title 18, United States Code App.[1]

Brown waived trial by jury and was tried by the court. He stipulated all of the facts.[2] By the stipulation Brown admitted his prior felony conviction in 1967 as alleged in the indictment; that the firearm had moved in interstate

---

1. The pertinent provisions of the statute are as follows:

   "§ 1202. (a) Any person who—

   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

2. The stipulation reads as follows:

   "1. The Court may view and consider the indictment, noted above, as evidence of defendant's prior felony conviction and his subsequent posses-

sion of the firearm described in the indictment; but defendant does not, by this stipulation, admit the sufficiency of the indictment.

   "2. The firearm described in the indictment was lawfully shipped from Nashville, Tennessee, to a licensed dealer in Hopkinsville, Kentucky, on or about April 10, 1970. The firearm was subsequently purchased from the dealer in Hopkinsville, Kentucky, by a known party, and defendant's possession of the firearm arose in Kentucky from an unknown party.

   "3. The firearm was found in defendant's possession in Logan County, Kentucky, by law enforcement officers at the time of defendant's arrest on January 18, 1972."

commerce on or about April 10, 1970; and that the firearm was found in his possession on January 18, 1972. Thus, at the trial only a question of law was presented.

The District Court, considering the indictment and the stipulation, found Brown "guilty as charged in the indictment" (App. 5A).

On appeal, Brown contends that there was not sufficient nexus between his possession of the firearm and interstate commerce. He argues that the movement of the firearm in interstate commerce had ceased about nineteen months prior to the time he received and possessed it, and that it had initially been received and possessed by another person. He further contends that the statute only proscribes possession of the firearm while it is being moved in interstate commerce. We disagree.

In our opinion this contention is without merit. Sufficient nexus was shown by the prior movement in interstate commerce.

United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), is controlling. In that case, unlike the case at bar, the indictment did not allege, and the Government made no attempt to prove, that the firearm had been moved "in commerce or affecting commerce." The majority opinion (the Chief Justice and Justice Blackmun dissenting) read the statute narrowly, and held that there must be some nexus with interstate commerce. Five Courts of Appeals, including this Court, had previously held otherwise by giving effect to the Congressional findings and declaration in Section 1201 of the Act.[3]

Here the indictment charged, and the proof showed, the movement of the firearm in interstate commerce. In Part III of its opinion in *Bass*, in stating how the Government can meet its burden, the Court did not read the statute so narrowly, stating:

"Having concluded that the commerce requirement in § 1202(a) must be read as part of the 'possesses' and 'receives' offenses, we add a final word about the nexus with interstate commerce which must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person 'possesses . . . in commerce or affecting commerce' if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. Significantly broader in reach, however, is the offense of 'receiv[ing] . . . in commerce or affecting commerce,' for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce." (Footnotes omitted) (404 U.S. at 350, 92 S.Ct. at 524.)

The last three lines of the above quotation are particularly applicable here. The Government has met its burden because "it demonstrates that the firearm received has *previously* traveled in interstate commerce." (Emphasis added.) The Court did not place any time limit on the previous movement; neither do we.

Brown was convicted of receiving and possessing the firearm. However, as we pointed out in United States v. McCreary, 455 F.2d 647 (6th Cir. 1972), one could not very well possess a firearm without receiving it.

The judgment of the District Court is affirmed.

---

3. United States v. Cabbler, 429 F.2d 577 (4th Cir. 1970), cert. denied, 400 U.S. 901, 91 S.Ct. 138, 27 L.Ed.2d 138; United States v. Donofrio, 450 F.2d 1054 (5th Cir. 1971); Stevens v. United States, 440 F.2d 144 (6th Cir. 1971) (one Judge dissenting); United States v. Synnes, 438 F.2d 764 (8th Cir. 1971); United States v. Wiley, 438 F.2d 773 (8th Cir. 1971); United States v. Taylor, 438 F.2d 774 (8th Cir. 1971); United States v. Crow, 439 F.2d 1193 (9th Cir. 1971); United States v. Daniels, 431 F.2d 697 (9th Cir. 1970); United States v. Mullins, 432 F.2d 1003 (4th Cir. 1970).