**UNITED STATES of America,
Appellee,**

v.

**John Wyatt MULLINS, Jr., Appellant.**

**No. 72-2348.**

United States Court of Appeals,
Fourth Circuit.

Argued March 8, 1973.

Decided April 10, 1973.

Robert W. Mann, Stuart, Va. (court-appointed counsel), for appellant.

Ronald D. Hodges, Asst. U. S. Atty. (Leigh B. Hanes, Jr., U. S. Atty., on brief) for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Having before been convicted of a felony, John Wyatt Mullins, Jr. on February 11, 1972 in Martinsville, Virginia, was found in possession of a .32 caliber Clarke revolver. Thereafter he was convicted in the District Court of a violation of 18 U.S.C. App. 1202(a), punishing any felon "who receives, possesses, or transports in commerce or affecting commerce . . . any firearm. . . ."

In addition to his possession of the revolver, the undisputed evidence showed that it had been transported from Santa Monica, California to Atlanta, Georgia on March 12, 1971, and from there shipped on September 30, 1971 to a department store in Martinsville. The trial court charged the jury "that the Government may meet its burden of proving a connection between commerce and the receipt or possession of a firearm by a convicted felon if it is demonstrated that the firearm received or possessed by a convicted felon had previously traveled in interstate commerce". On Mullins' appeal this instruction is assigned as reversible error. His point is that the Government had to establish a nexus between the receipt or possession of the revolver and its movement in interstate commerce, and none was proved.

We think the instruction was correct and the verdict of guilty thereunder unimpeachable. United States v. Bass, 404 U.S. 336, 350, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); United States v. Brown, 472 F.2d 1181 (6 Cir., 1973); United States v. Giannoni, 472 F.2d 136 (9 Cir., 1973).

Affirmed.