UNITED STATES of America, Appellee,

v.

Earthia B. WILEY, Appellant.

No. 72-1516.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1973.

Decided April 20, 1973.

Stewart R. Perry, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, and ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

Earthia B. Wiley was originally indicted for knowingly receiving and possessing a firearm, after having been convicted of a felony, under 18 App. U.S.C. § 1202(a)(1). No allegation was made that the firearm was "in or affecting commerce." He appealed his conviction to this Court, and we affirmed, holding that no nexus with interstate commerce need be shown in cases charging receiving and possessing. United States v. Wiley, 438 F.2d 773 (8th Cir. 1971), vacated, 404 U.S. 1009, 92 S.Ct. 686, 30 L.Ed.2d 657 (1972). The case was then appealed to the Supreme Court, and after its decision in the case of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1972), the *Wiley* case was vacated because of the Government's failure to plead and prove a nexus with interstate commerce. This Court then remanded with directions to dismiss. The United States later reindicted Wiley for the same offense, alleging that Wiley received "a firearm, in and affecting commerce . . . ." Wiley was again tried and convicted after which he perfected this appeal.

On this appeal Wiley does not challenge the sufficiency of the evidence to prove that he received a gun which at one time had been transported in interstate commerce or that he, at the time of such receipt, was a convicted felon. He does claim that the reindictment violates the double jeopardy provisions of the fifth amendment; that the mandate of this Court in the first case required dismissal with prejudice; that the statute under which he was charged is unconstitutional in that it fails to require knowledge or intent; that the evidence was insufficient in that there was no showing that Wiley knew or should have known that the gun had theretofore traveled in interstate commerce; that the trial court erred in admitting the gun into evidence; and that the trial court erred in instructing the jury that it was not necessary to show knowledge by Wiley that the firearm was in commerce. We have carefully considered each of the alleged errors and for the reasons hereinafter set forth reject them and affirm the judgment of conviction.

### Double Jeopardy

■ Wiley claims that since he was once tried and convicted on an identical charge, and since he appealed without asking for a new trial and the conviction was reversed on the basis of insufficent evidence, that double jeopardy attaches. The Government claims that because the prior conviction rested upon an invalid indictment that failed to allege an essential element of the crime and since Wiley appealed and was successful on that issue, the retrial upon a correct indictment did not constitute double jeopardy, citing United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). We agree with the Government's position and hold that double jeopardy did not attach to the trial on a new indictment.

In *Tateo* the Supreme Court restated the law on this subject as follows:

"The Fifth Amendment provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb . . . .' The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence. In this respect we differ from the practice obtaining in England. The rule in this country was explicitly stated in United States v. Ball, 163 U.S. 662, 671–672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300, a case in which defendants were reindicted after this Court had found the original indictment to be defective. It has been followed in a variety of circumstances; see, *e. g.*, Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (after conviction reversed because of confession of error); Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (after conviction reversed because of insufficient evidence); Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (after original conviction reversed for error in instructions to the jury)."

"If a case is reversed because of coerced confession improperly admitted, a deficiency in the indictment, or an improper instruction, it is presumed that the accused did not have his case fairly put to the jury. . . ." *Id.* at 465–467, 84 S.Ct. at 1589.

United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896), cited by the Supreme Court in *Tateo*, is just as explicit in its holding:

"[I]t is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offence of which he had been convicted."

Clearly the reindictment and retrial were not barred by the fifth amendment in this case.

■ Wiley's argument that the remand from this Court required a dismissal of the indictment *with prejudice* is likewise without merit. In the absence of instructions to dismiss *with prejudice*, the Government was free to decide whether to reindict or not. No such instructions were included in the remand, directly or by inference.

### Knowledge or Intent

■ Wiley claims that the statute under which he was charged "is unconstitutional in that it fails to require knowledge or intent." Presumably the claim is that knowledge of the prior interstate transportation of the gun and intent to violate the statute are essential to the constitutionality of the statute. In United States v. Freed, 401 U.S. 601, 607–610, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the Supreme Court held that there was no requirement of specific intent or knowledge in cases charging the defendant with receiving or possessing a firearm not registered to him. *See also* Bryant v. United States, 462 F.2d 433, 435 (8th Cir. 1972). Recently, the Ninth Circuit has applied this rationale to the section of the statute under which Wiley was indicted. In United States v.

Crow, 439 F.2d 1193, 1195 (9th Cir. 1971), vacated on other grounds, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972), Judge Duniway concluded that possession of a firearm by one convicted of a felony does not require knowledge or intent except as the word "possession" imparts a knowing possession. In other words, the defendant must be shown to knowingly possess a gun, but it need not be shown that he knew the gun had traveled in interstate commerce or that he intended to violate the statute. We agree with this interpretation and holding.

The fourth and sixth assignments of error relate to the knowledge and intent issue and are disposed of by our determination that knowledge and intent were not essential elements of the statute or of the proof, except to show knowing possession of the gun.

The fifth assignment of error relating to admission of the gun into evidence is clearly without merit and need not be discussed, especially in view of our recent decision in United States v. Mancino, 474 F.2d 1240 (8th Cir., 1973).

The judgment of conviction is therefore affirmed.