UNITED STATES of America,
Appellee,

v.

Howard Wayne MOSTAD, Appellant.

No. 73-1208.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1973.

Decided Oct. 4, 1973.

Jack S. Nordby, St. Paul, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., Robert G. Renner, U. S. Atty., Minneapolis, Minn., was with him on brief, for appellee.

Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

The defendant, Howard Wayne Mostad, was convicted on two counts of violating that provision of the Omnibus Crime Control and Safe Streets Act of 1968 which prohibits possession of a firearm by one who has previously been convicted of a felony.[1] He was sentenced to two years on each count; the sentences to run consecutively.

Mostad contends that "it is fundamentally unfair under historical and prevailing notions of due process of law" to apply the prohibition of this statute to him

---

1. "(a) Any person who—

"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,
* * *

* * * * * *

"and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

18 U.S.C.App. § 1202(a)(1) (1968).

under the circumstances revealed by the record in this case.

Mostad was convicted in a Minnesota State District Court of a felony on October 26, 1967, and was thereafter placed on probation. On January 7, 1972, a Minnesota State District Judge ordered, pursuant to Minn.Stat.Ann. § 609.165,[2] that he be "discharged from probation, restored to all civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place."

■ Under § 1202(a)(1), the government need not prove specific intent to violate the law or knowledge on the part of the defendant that he is violating the law. It must prove that the defendant knowingly possessed the firearm. United States v. Wiley, 478 F.2d 415 (8th Cir. 1973); United States v. Crow, 439 F.2d 1193 (9th Cir. 1971), vacated on other grounds, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972). The government has met that burden here. Moreover, this Court upheld the constitutionality of this statute in United States v. Mancino, 474 F.2d 1240 (8th Cir. 1973), and in United States v. Synnes, 438 F.2d 764 (8th Cir. 1971), vacated on other grounds, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972).

■■ The Act exempts from its provisions " * * * any person who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President of such chief executive, as the case may be, to receive, possess or transport in commerce a firearm." 18 U.S.C. App. § 1203(2) (1968). The defendant is not such a person. He belongs to a general class of convicted felons whose civil rights have been restored by a statute that is silent with respect to the right of such persons to possess firearms. If the Congress desires to extend the exemption to persons in this class, it can do so; but we find no evidence of such intent in the language in the legislative history of the Act. See, Stevens v. United States, 440 F.2d 144 (6th Cir. 1971).[3] This result

2. *"Subdivision 1.* When a person has been deprived of his civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore him to all his civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide.
"*Subd. 2.* The discharge may be:
"(1) By order of the court following stay of sentence or stay of execution of sentence; or
"(2) By order of the adult corrections commission or youth conservation commission prior to expiration of sentence; or
"(3) Upon expiration of sentence.
"*Subd. 3.* This section does not apply to a forfeiture of and disqualification for public office as provided in section 609.42, subdivision 2. Laws 1963, c. 753."
Minn.Stat.Ann. § 609.165 (1963).
Minn.Stat.Ann. § 638.02 (1963) describes the process for obtaining a pardon. It provides in part:
"Subd. 2. Any person, convicted of crime in any court of this state, who has served the sentence imposed by the court and has been discharged of the sentence either by order of court or by operation of law, may

petition the board of pardons for the granting of a pardon extraordinary. If the board of pardons shall determine that such person has been convicted of no criminal good character and reputation, the board may, in its discretion, grant to such person a pardon extraordinary. Such pardon extraordinary, when granted, shall have the effect of restoring such person to all civil rights, and shall have the effect of setting aside the conviction and nullifying the same acts other than the act upon which such conviction was founded and is of and of purging such person thereof and such person shall never thereafter be required to disclose the conviction at any time or place other than in a judicial proceeding thereafter instituted."

3. One District Court ruled that where a defendant had received a full pardon by the Governor and Governor's Council of New Hampshire:

"The failure of the pardon to expressly state that Briand is authorized to carry firearms is not controlling. Briand was granted a *full* pardon by the Governor and Council of New Hampshire which I construe to mean that Briand is entitled to

may seem confusing and harsh, but the classification established by Congress is, in our view, a reasonable one and cannot be overturned by us.

Affirmed.

all the rights accorded any citizen, including the right to possess firearms. * * * " United States v. One Lot of Eighteen Firearms, 325 . F.Supp. 1326, 1328 (D.C.N.H. 1971) (Emphasis included).