**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clayton THOMAS, Defendant-
Appellant.**

No. 73–1686
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1973.

———◆———

Sutton G. Hilyard, Jr., Sanford, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Jeffry R. Jontz, Asst. U. S.

Atty., Orlando, Fla., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

The principal issue presented for our consideration is whether one receives a gun "in commerce" or in a manner "affecting commerce," and thus violates 18 U.S.C. App. § 1202(a),[1] if the gun he purchases has once traveled in foreign commerce. We must answer in the affirmative.

The facts of this case are not in dispute. In 1955 Thomas was convicted of a felony, and in 1971 F.B.I. agents found him in possession of a revolver. The revolver was manufactured in Germany and imported to Florida in 1970. In May 1970 the importer sold the gun to a Florida gun distributor, who in turn sold it to the Longwood Pawn Shop in Longwood, Florida, on June 29, 1970. The pawn shop sold the weapon to one Frank Taylor in August 1970, and a month later Taylor sold the weapon back to the same pawn shop. On November 19, 1970, appellant bought the revolver from the Longwood Pawn Shop.

A grand jury indicted Thomas for violating 18 U.S.C. App. § 1202(a), which prohibits felons' possessing firearms that have a sufficient nexus with commerce. The one-count indictment charged that Thomas was a convicted felon and "did knowingly and unlawfully receive and possess in commerce and affecting commerce a firearm, to wit a hand gun; in violation of Title 18 Appendix United States Code, Section 1202(a)(1)." Thus the indictment alleged that Thomas violated the statute in two ways, receiving and possessing.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Title 18, section 1202(a) of the United States Code Appendix provides, in pertinent part:

(a) Any person who—
(1) has been convicted by a court of the United States or of a State or any politi-

cal subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

Where a statute specifies several alternative ways in which an offense can be committed, the indictment may allege the several ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient.

Fields v. United States, 5 Cir. 1969, 408 F.2d 885, 887. Thomas's conviction must stand, then, if the evidence shows either receipt or possession.

In United States v. Bass, 1971, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488, the Supreme Court decided that § 1202(a) requires the prosecution to show a nexus between receipt or possession and commerce. The Court defined the Government's burden of proof in showing a nexus between receipt and commerce by saying, ". . . we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce." 404 U.S. at 351, 92 S.Ct. at 524. The Court placed no time limit on the previous movement. Therefore a firearm that has only once traveled in interstate commerce has "previously traveled in interstate commerce." Accord, United States v. Mullins, 4th Cir. 1973, 476 F.2d 664; United States v. Mancino, 8th Cir. 1973, 474 F.2d 1240, cert. denied, 412 U.S. 953, 93 S.Ct. 3020, 37 L.Ed.2d 1007; United States v. Brown, 6th Cir. 1973, 472 F.2d 1181; United States v. Giannoni, 9th Cir. 1973, 472 F.2d 136, cert. denied, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396. We see no reason to treat foreign commerce differently. Because Thomas's revolver once traveled from Germany to the United States, it traveled "in commerce," and the conviction for receipt must stand.

As his last two points on appeal appellant urges that the trial judge's jury instructions coerced the jury and misstated the applicable law. We find no merit in these contentions.

Affirmed.