**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Salvadore J. NUCCIO, Defendant-
Appellant.**

No. 73–2416

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1973.

Rehearing and Rehearing En Banc
Denied Jan. 16, 1974.

———◆———

Michael F. Barry, New Orleans, La.,
for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty.,
Mary Williams Cazalas, Stephen A.
Mayo, Asst. U. S. Attys., New Orleans,
La., for plaintiff-appellee.

Before GEWIN, COLEMAN and
MORGAN, Circuit Judges.

PER CURIAM:

Appellant Nuccio was convicted by a jury in the Eastern District of Louisiana of having violated 18 U.S.C. § 1202(a)(1). We affirm.

Appellant's only substantial claim on appeal is that 18 U.S.C. § 1202(a)(1) was not proven by the government to be applicable in his case. That statute says, in part: "Any person who has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony and who receives, possesses, or transports in commerce or affecting commerce, . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." Appellant argues that the government failed to show any nexus between appellant's receipt and possession of the pistol and interstate commerce. The test as to what must be shown by the government has been clearly delineated by the Supreme Court in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). The Court said, " . . . we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce." 404 U.S. at 351, 92 S.Ct. at 524. This circuit recently reiterated that position in United States v. Thomas, 5 Cir. 1973, 485 F.2d 557.

Testimony at trial demonstrated that the weapon found on Nuccio was shipped from New York City to Dallas, Texas, and then to Golden Meadow, Louisiana. This court has carefully examined the record below and find the government met the requirements of *Bass* and *Thomas, supra.*

Appellant's other contentions concern double jeopardy, search and seizure, self-incrimination and jury composition. We have considered all of these contentions and have found them to be without merit.

Affirmed.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.