UNITED STATES of America,
Appellee,

v.

Aaron Harold KENNER, Appellant.

No. 74–1534.

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 25, 1974.

Decided Dec. 23, 1974.

Certiorari Denied April 14, 1975.

See 95 S.Ct. 1578.

William A. Cosby, Jr., Richmond, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Charles L. Beard, Asst. U. S. Atty., on brief for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Aaron Harold Kenner was convicted of violating 18 U.S.C. App. § 1202(a)(1), which provides criminal penalties for any person who has been convicted of a felony ". . . and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm . . ." On appeal, Kenner does not challenge that he has a valid previous felony conviction, that he had possession of a firearm, or that the government's proof established that the firearm in question had traveled in interstate commerce at some point in time before he possessed it. Kenner asserts, however, that the government offered no proof connecting his possession of the weapon with its interstate transportation. It is also argued the statute is unconstitutional if construed to permit a conviction upon a mere showing that a firearm had, at some undetermined point, traveled in interstate commerce before being possessed by a convicted felon.

We have expressed our view on numerous recent occasions that in a prosecution for violation of 18 U.S.C. App. § 1202(a), the government need not establish a nexus between the receipt or possession of a weapon and its movement in interstate commerce. *E. g.,* United States v. Davis (4th Cir. 1974), 498 F.2d 1398; United States v. Jordan (4th Cir. 1974), 502 F.2d 1163; United

States v. Mullins (4th Cir. 1973), 476 F.2d 664, cert. denied 414 U.S. 839, 94 S.Ct. 91, 38 L.Ed.2d 75 (1973). We also reiterate our view that the statute is constitutional. United States v. Cabbler (4th Cir. 1970), 429 F.2d 577, cert. denied, 400 U.S. 901, 91 S.Ct. 138, 27 L.Ed.2d 138 (1970).

Accordingly, we dispense with oral argument and affirm.

Affirmed.