**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Johnnie Lawrence GOODIE,**
**Defendant-Appellant.**

**No. 75–1603.**

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.

Roland E. Dahlin, II, Federal Public Defender, Houston, Tex. (Court-appointed Not Under Act), Charles S. Szekely, Jr., Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Asst. U. S. Atty., Houston Tex., for plaintiff-appellee.

Before WISDOM, CLARK and RO-NEY, Circuit Judges.

RONEY, Circuit Judge:

On this appeal from a conviction for a felon's purchase of a gun in violation of 18 U.S.C.A. App. § 1202(a), the two issues raised by defendant concern the interstate commerce nexus and the scienter required to convict. We hold that a twenty year hiatus between interstate travel of the gun and its purchase by defendant does not make the federal act inoperable, and that the probated felon's misunderstanding of his status under Texas law provided him no defense. We, therefore, affirm.

Defendant Goodie was charged in a two count indictment: (1) with knowingly and unlawfully making a false and fictitious written statement on a Department of Treasury, Alcohol, Tobacco and Firearms Form No. 4473 that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C.A. §§ 922(a)(6) and 924(a); and (2) having been convicted of a Texas felony, with knowingly and unlawfully receiving in commerce and affecting commerce a firearm, in violation of 18 U.S.C.A. App. § 1202(a).

· Goodie's defense was premised essentially on two grounds. First, he contended that the Government failed to prove an interstate commerce nexus with the gun transaction. Second, he proved that he had received a probated sentence for his Texas conviction, and that the status of a probationer in the State of Texas, as to whether or not he was a convicted felon, was subject to dispute, due to the unique characteristics of Texas probation law. He asserted that he did not regard himself as a convicted felon, because of his probation, and did not intend or know that he was breaking any laws at the time he filled out Form No. 4473 and purchased the gun.

The jury acquitted Goodie on the false statement charge, but convicted him on the receiving count. Defendant appeals his conviction on two grounds: *first,* that the evidence that the gun last traveled in interstate commerce some 20 years before the purchase was insufficient to carry the Government's burden of proving commerce as a necessary element of the receiving charge, and *second,* that the trial court erred in refusing to give a requested charge as to scienter, deemed necessary to defendant's second defense. We find no error, and affirm.

*Commerce*

The testimony demonstrated a period of approximately 20 years from when the gun moved in interstate commerce from Massachusetts to Texas to when it was received by the defendant. In fact, the evidence showed that the gun had remained in a pawn shop for personal use for a period of four years prior to being sold to the defendant. These facts are not in dispute, but defendant argues that the facts made his purchase transaction purely local in nature. His position is not supported by decided cases.

The United States Supreme Court, in holding that the offenses enumerated in Section 1202(a) required a commerce nexus, stated as follows:

. . . a person "possesses . . . in commerce or affecting commerce" if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. Significantly broader in reach, however, is the offense of "receiv[ing] . . . in commerce or affecting commerce," for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce.

*United States v. Bass,* 404 U.S. 336, 350, 92 S.Ct. 515, 524, 30 L.Ed.2d 488 (1971) (footnote omitted). The various Circuit Courts of Appeals have interpreted *Bass* to mean that any showing of interstate

travel, regardless of how remote in time, or whether or not it formed a part of, or was connected to the ultimate transaction involved, is sufficient to prove a commerce nexus as to a "receiving" offense. *United States v. Nuccio,* 487 F.2d 462 (5th Cir. 1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 225 (1974); *United States v. Thomas,* 485 F.2d 557 (5th Cir. 1973); *United States v. Mullins,* 476 F.2d 664 (4th Cir.), *cert. denied,* 414 U.S. 839, 94 S.Ct. 91, 38 L.Ed.2d 75 (1973); *United States v. Mancino,* 474 F.2d 1240 (8th Cir.), *cert. denied,* 412 U.S. 953, 93 S.Ct. 3020, 37 L.Ed.2d 1007 (1973); *United States v. Brown,* 472 F.2d 1181 (6th Cir. 1973); *United States v. Giannoni,* 472 F.2d 136 (9th Cir.), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973). *See United States v. Bell,* 524 F.2d 202 (2nd Cir. 1975).

We are unable to reconcile these decisions with the defendant's theory of *Bass'* construction of § 1202(a). Goodie contends that the Supreme Court in *Bass* did not envision "a situation where a firearm manufacturer transports a firearm across state lines, which comes to rest within a state, and through a series of local transactions, is consumed 20 years later in a purely local transaction, as demonstrating a commerce nexus." He argues that the Supreme Court's phrase, "previously traveled in interstate commerce," 404 U.S. at 350, 92 S.Ct. 515, should be limited "to a transaction where a firearm is manufactured in one state, transported by the manufacturer to a retail outlet in another state, remains in the retail store for an indeterminate time, and is ultimately consumed by a defendant/purchaser." Defendant concedes that regardless of the time between transport and sale in such a situation, the interstate transportation may form a necessary part of the ultimate transaction in which the firearm was received. Once the firearm is "consumed" in the receiving state by the first purchase from the retail outlet, however, the defendant contends that the commerce nexus ceases and any subsequent

intrastate sale is a purely local transaction.

We agree with the Government that the Supreme Court deliberately declined to choose a limited definition of the word "receipt" as in Title IV of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C.A. § 922(h), which makes it a crime only "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The use there of receipt is limited to the receiving of firearms directly as part of an interstate transportation. *United States v. Bass, supra,* 404 U.S. at 342–343 n. 10, 350 n. 18, 92 S.Ct. 515.

Our Court's interpretation of *Bass* in *United States v. Thomas, supra,* and *United States v. Nuccio, supra,* conforms to the literal meaning of the *Bass* language. In addition, it advances the policy reasons of that decision by "restricting the firearm-related activity of convicted felons," while being "consistent with our regard for the sensitive relation between federal and state criminal jurisdiction," and preserving as an element of the offense "a requirement suited to federal criminal jurisdiction alone." *United States v. Bass, supra,* 404 U.S. at 351, 92 S.Ct. at 524.

### *Scienter*

Defendant argues that he did not know he was violating the law because under the unique characteristics of Texas probation law, the Texas judgment "that defendant is guilty of the offense of assault with intent to rob, a felony" was subject to being set aside upon successful completion of his probation term. The evidence showed that defendant's probation officer advised him that the judgment against him was not a final conviction, and defendant testified that he did not regard his status as a probationer as being that of a convicted felon. Apparently based on this defense, and after being charged that scienter was a necessary element of the

false statement count, the jury acquitted defendant of violating the false statement proscription in connection with the Alcohol, Tobacco and Firearms form. Defendant argues that the court's refusal to charge scienter on the receiving charge is fatal to his conviction on that count.

The law appears clear, however, that the only knowledge of defendant that is a necessary element of the receiving crime is that he knowingly received a firearm. In *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the Supreme Court in interpreting an analogous statute, the National Firearms Act, 26 U.S.C.A. § 5861, held that there was no requirement of specific intent or knowledge in cases charging the defendant with receiving or possessing a firearm not registered to him. This same principle has been applied to 18 U.S.C.A. App. § 1202(a). *United States v. Horton*, 503 F.2d 810 (7th Cir. 1974); *United States v. Mostad*, 485 F.2d 199 (8th Cir. 1973), cert. denied, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974); *United States v. Thomas*, 484 F.2d 909 (6th Cir. 1973), cert. denied, 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974); *United States v. Wiley*, 478 F.2d 415 (8th Cir. 1973), cert. denied, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974); *United States v. Crow*, 439 F.2d 1193 (9th Cir. 1971). The trial court correctly instructed that the Government need not prove that defendant knew that it was unlawful to receive the firearm, *United States v. Thomas, supra*; *United States v. Crow, supra*, or that he knew it had traveled in interstate commerce. *United States v. Lupino*, 480 F.2d 720 (8th Cir.), cert. denied, 414 U.S. 924, 94 S.Ct. 257, 38 L.Ed.2d 159 (1973); *United States v. Wiley, supra*. The court did not commit error in refusing the defendant's requested instructions on scienter.

Affirmed.