**UNITED STATES of America**

**.v.**

**Stanley Arthur LOCKE, Defendant.**

**Crim. No. 4–75–36.**

United States District Court, D. Idaho.

March 11, 1976.

Dan E. Dennis, Asst. U. S. Atty., Boise, Idaho, for plaintiff.

William W. Becker, Pocatello, Idaho, for defendant.

## FINDINGS, CONCLUSIONS AND JUDGMENT OF GUILT

### MEMORANDUM DECISION

J. BLAINE ANDERSON, District Judge.

Defendant Locke is charged in Counts Two, Four and Six of the indictment with knowingly receiving and possessing in commerce or affecting commerce firearms in violations of Section 1202(a)(1), Title 18, U.S.C. Appendix.[1] Defendant and his counsel have signed a stipulation entered into with the Government wherein defendant admits the following facts:

1. That defendant Stanley Arthur Locke, knowingly received and possessed the following firearms, as that term is defined in 18 U.S.C. § 921(a)(3), on the following dates:

a. On March 25, 1974, at Pocatello, Idaho, one Winchester .270 caliber rifle, Model 70, Serial Number 298045;

b. On September 21, 1974, at Pocatello, Idaho, one Ruger .44 caliber pistol, Model S–47, Serial Number 80–29531; and

c. On March 21, 1975, at Pocatello, Idaho, one Ruger .44 caliber pistol, Model S–47, Serial Number 80–29531.

2. That the firearms described in Paragraph 1 herein were a part of and constituted interstate commerce.

3. The parties further stipulate that the only issue to be determined by the Court is whether or not the defendant, prior to his possession and receipt of the firearms, was a person who had been convicted of a felony, as defined by 18 U.S.C. App. § 1202(c)(3), all other factual and legal issues necessary to support a conviction on Counts 2, 4 and 6 of the Indictment having been admitted by the defendant.

The defendant further stipulates that on March 6, 1972, in the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bannock, Judge Oliver signed a minute entry and order which stated, in relevant part:

"Dale W. Kisling, Deputy Prosecuting Attorney, appeared in court at this

---

1. "§ 1202. Receipt, possession, or transportation of firearms—Persons liable; penalties for violations

(a) Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

time with the above named defendant and his counsel, P. A. McDermott, for sentencing.

"Stanley A. Locke was called, sworn and testified regarding certain statements set forth in the presentence report concerning his employment.

"Defendant having heretofore entered a plea of Guilty to the charge of Burglary In The Nighttime as contained in the Prosecuting Attorney's Information and a pre-sentence investigation having been ordered and a report having been received and the Court being fully advised in the premises;

"It is the judgment of the Court that sentence be withheld for a period of three (3) years and said defendant is hereby placed on probation to the Idaho State Board of Corrections for said period."

In addition to the term of probation, Judge Oliver imposed a further condition that defendant spend sixty (60) days of the probationary period confined in the Bannock County Jail, commencing March 6, 1972. The stipulation further states that the defendant has not been discharged from his sentence to probation and that no order of dismissal has been entered in the case of *State v. Locke.*

According to the stipulation, Judge Oliver would testify that "it was his intention to withhold judgment rather than withhold sentence as reflected in the minute entry and order. This Court treats the disposition of defendant's plea of guilty in the State Court as a withheld judgment.

The issue before this Court is whether or not the defendant, prior to possession and receipt of the firearms, was a person who had been convicted of a felony. Defendant argues that literally he has not been "convicted" because judgment was withheld and Judge Oliver did not accept defendant's guilty plea. Therefore, defendant concludes that without either a finding of guilty or a judgment of conviction, he is not a "convicted felon."

 The word "conviction" has two meanings: A judgment based on a plea of guilty or verdict of guilty; or, simply, a plea of guilty or verdict of guilty without the adjunct of judgment. The federal statute does not define "conviction," nor does the legislative history contain definitive criteria in defining its meaning.[2] The Supreme Court, however, has defined the term as follows:

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. *See Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 . . .

" . . . a plea of guilty is more than an admission of conduct; it is a conviction." *Boykin v. State of Alabama,* 395 U.S. 238 at 242, 89 S.Ct. 1709, at 1711, 23 L.Ed.2d 274 at 279 (1969).

This Court adopts the view that a "conviction" is the stage of a criminal proceeding where the issue of guilt is determined and a "sentence" is the second stage in criminal proceeding whereupon the Court decrees by judgment the sentence defendant is to receive. By sentencing defendant Locke to a period of incarceration and a probationary term, Judge Oliver acted pursuant to Locke's conviction.[3] Without a conviction there constitutionally could be no sentence. Defendant was on March 6, 1972, a convicted felon as that term is used in 18 U.S.C. App. § 1202(a)(1).

 Defendant argues that his convicted status was substantially changed

---

**2.** The legislative scheme does contemplate, however, that Congress intended to define the term "felony", rather than leave its meaning to be determined by state law. 1968 U.S.Code Cong. and Admin.News, p. 4434.

**3.** While, technically, Judge Oliver did not state that defendant's plea was accepted and that he was adjudged guilty, yet, by taking the second step and sentencing defendant, Judge Oliver did in fact accept defendant's plea and pronounced judgment premised upon his acknowledgment of defendant's conviction.

because he received a withheld judgment. Défendant asserts that a withheld judgment is not a conviction. Judge McNichols held in *United States v. Olson,* Crim. No. 1–75–30 (D.C.Idaho 1975) (unpublished) that where a withheld judgment has been granted, and the charges have been dismissed, then defendant is not a convicted felon. The issue before this Court is different, for here two instances of possession and receipt of a firearm occurred during defendant's probation.[4] A withheld judgment does not erase a conviction unless defendant satisfactorily completes the conditions of sentence imposed upon him and the Judge is satisfied that the requirements of Idaho Code 19–2604 are met and an appropriate order or judgment is entered.[5] A withheld judgment is a judgment subject to a condition. Unless defendant complies with the condition, judgment will not be withheld and the guilty plea will not be erased. In short, defendant's prior conviction stands.

Defendant Locke was placed on probation for a term of three years and he received and possessed firearms under Count Two of the indictment on March 25, 1974, under Count Four on September 21, 1974, and under Count Six on March 21, 1975. This Court is of the view that defendant, as regards Counts Two and Four, possessed and received the firearms under the proscription of the withheld judgment. Since defendant Locke had not as of the dates of possession and receipt fulfilled the conditions imposed upon him, he was then a "convicted felon." The Court has the power in the exercise of its discretion to withhold judgment for a reasonable time and where this is done, jurisdiction is retained during the period of probation. *Ex parte Medley,* 73 Idaho 474, 483, 253 P.2d 794 (1953). The effect of continuing supervision over the defendant militates in favor of the conclusion that possession of a firearm during the probationary period, like possession during the pendency of an appeal,[6] possession under a suspended sentence,[7] and possession

4. This Court does not decide whether Locke would be a "convicted felon" even if his conviction had been truly expunged or erased. The Eighth Circuit is of the view that federal law controls. "By specifically providing that it would recognize only certain pardons, Congress indicated that it did not wish to recognize other means which the states might employ to expunge felony convictions or to restore civil rights." *United States v. Kelly,* 519 F.2d 794 (8th Cir. 1975), *cert. denied,* 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254, 44 U.S.L.W. 3263 (1975). The judges on the Ninth Circuit disagree on the question of whether state or féderal law governs the resolution of such an issue. *United States v. Potts,* 528 F.2d 883 (9th Cir. Nov. 19, 1975). In the Ninth Circuit it is yet to be determined if the court will follow the rationale of *Garcia-Gonzales v. Immigration & Naturalization Service,* 344 F.2d 804 (9th Cir. 1965), *cert. denied,* 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81 (1965) and hold that federal law controls.

5. Idaho Code 19–2604 provides:

"*Discharge of defendant—Amendment of judgment.*—1. If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court *may,* if convinced by the showing

made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.
. . . ."

6. In *United States v. Wooten,* 503 F.2d 65, 67 (4th Cir. 1974) the court rejected defendant's argument that he was not a convicted felon at the time he possessed a weapon because his previous conviction was on appeal and had not yet been decided. Likewise, *United States v. Liles,* 432 F.2d 18 (9th Cir. 1970) held that defendant's possession of a weapon while convicted of a felony was unlawful and defendant's possession was not made lawful by subsequent reversal of his felony conviction.

7. In *Braswell v. United States,* 224 F.2d 706 (10th Cir. 1955), *cert. denied,* 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752 (1955), the court held that although defendant received the benefit of Texas Rehabilitation Statutes and received a suspended sentence, he was nevertheless con-

while under indictment,[8] is activity prior to dismissal of the guilty plea or prior to dismissal of the charges and is activity under the proscription of a conviction.

Count Six of the indictment charges possession or receipt of a firearm after the probationary period has ended. The Court finds that this is also possession under a proscription because defendant had not been discharged from his sentence to probation and no order of dismissal had been entered. Additionally, Idaho Code 19–2604 contemplates that upon application of the defendant and if it is compatible with the public interest, then the guilty plea *may* be set aside and defendant's civil rights restored. Here, defendant made no such application, the charges were not dismissed, the guilty plea remained, and the proscription was in effect when defendant possessed and received the firearms. A determination which would have erased defendant's conviction has not been made and may never occur. Until the conditions of a withheld judgment have been satisfied, a defendant subject to those conditions by way of his guilty plea or verdict of guilty is a convicted felon.

The stipulation indicates that defendant, in connection with his prospective appearance as a witness in a case involving another defendant, was advised by a public defender that he was not a convicted felon because he received a withheld judgment. Defendant raises the argument that he should be entitled to some notice and that it is grossly unfair that he should be subjected to punishment under a federal statute for actions taken in reliance upon the advice of a public defender. Case law is clearly contrary to defendant's argument, and it is settled that a defendant need not know he was a convicted felon at the time of the offense. *United States v. Mathews,* 518 F.2d 1296 (9th Cir. 1975); *United States v. Crow,* 439 F.2d 1193, 1195 (9th Cir. 1971), *vacated* on other grounds, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972); *In accord, United States v. Horton,* 503 F.2d 810, 813 (7th Cir. 1974); *United States v. Mostad,* 485 F.2d 199, 200 (8th Cir. 1973), *cert. denied,* 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974); *United States v. Thomas,* 484 F.2d 909, 914–915 (6th Cir. 1973), *cert. denied,* 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974). Furthermore, it is not a defense that defendant sought advice of counsel and that counsel informed defendant he was not a convicted felon. *United States v. Powell,* 513 F.2d 1249 (8th Cir. 1975); *See, United States v. Wood,* 446 F.2d 505, 507 (9th Cir. 1971).

Based on the foregoing, the Court finds, concludes and ORDERS:

That the stipulation was entered into knowingly and voluntarily and with the advice of counsel and signed in open court on February 23, 1975.

Further, that defendant Stanley Arthur Locke is a convicted felon who knowingly received and possessed firearms which were a part of and constituted interstate commerce and that he is hereby ADJUDGED GUILTY of violating Title 18, U.S.C. § 1202(a)(1) as charged in Counts Two, Four and Six of the Indictment.

Further, that Counts One, Three and Five of the Indictment are DISMISSED.

---

sidered a convicted felon for purposes of 15 U.S.C.A. § 902(e) (since repealed). *See: United States v. One Lot of Eighteen Firearms,* 325 F.Supp. 1326 (D.N.H.1971) wherein the court stated that a plea of nolo contendere, together with a grant of probation, was still a felony conviction; however, the court also found a full pardon which erased the conviction and restored defendant's civil rights. *See also: Chabolla-Delgado v. Immigration & Naturalization Service,* 384 F.2d 360 (9th Cir. 1967), *cert. denied,* 393 U.S. 865, 89 S.Ct. 147, 21 L.Ed.2d 133 (1968).

8. In *DePugh v. United States,* 393 F.2d 367 (8th Cir. 1968), *cert. denied,* 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102 (1968), a suit for transporting weapons while under indictment (15 U.S.C. § 902(e) since repealed), the court held that as long as the indictment was pending in state court, violation of the federal statute by defendant subjected him to the indictment and conviction from which he appealed, even though the state indictment was later quashed.